## G. M. Dodge v. E. H. Signor.

Delivered January 29, 1898.

### 1. Limitations—Clause Maturing Later Due Notes.

The statute of limitations begins to run against all of several notes on failure to pay the first note at its maturity, where an agreement entered into at the time of executing the notes provides that on default in the payment of any one of the notes at its maturity all the notes remaining unpaid shall mature and become due and payable.

### 2. Same—Pleading in Avoidance of the Statute.

Evidence of the absence of defendants from the State is inadmissible to avoid their plea of the statute of limitations, in the absence of any pleading by plaintiff in avoidance of the statute.

APPEAL from Hardeman. Tried below before Hon. G. A. BROWN.

*Duncan G. Smith,* for appellant.

*John J. King, B. E. Green,* and *J. M. Standlee,* for appellee.

TARLTON, CHIEF JUSTICE.—As the payee of two promissory notes executed by the appellees E. H. and W. G. Signor, bearing date November 26, 1889, each in the principal sum of $800, and secured by a vendor's lien on certain realty in Quanah, Texas, the appellant brought this suit against the makers, the appellees herein.

The notes, according to their terms, matured respectively on November 26, 1890, and November 26, 1891. Contemporaneously with the execution of the notes by the appellees, the appellant executed to them a deed to the land referred to in the notes, reciting the retaining of the vendor's lien, and "that upon default in the payment of any one of said notes when it shall become due and payable by the terms thereof, then and in that event all of said notes remaining unpaid at the date of such default shall mature and become due and payable by reason thereof."

Neither of the notes was paid when by its terms it became due, the first and only payment of $586 being made on December 1, 1890. This suit was instituted on September 5, 1895.

In our opinion, the trial court correctly sustained the plea of four years' limitation, holding that the notes and the deed constituted in effect but a single instrument (McKelvain v. Allen, 58 Texas, 383); that so reading them, the failure to pay the first note at its maturity, perforce of the recital in the deed, matured both notes, so that the cause of action accrued on the date of the maturity of the first note, more than four years prior to the institution of the suit. Harrison Machine Works v. Reigor, 64 Texas, 89.

The appellant's brief suggests the contention that the plea of limitation should not avail the defendants, because of their absence from the State. The makers of the notes testified unequivocally that they have never been residents or citizens of Texas. We find no evidence which

tends to conflict with their statements. The recitals in the deed from the appellant to them describing them as "E. H. Signor and G. W. Signor, of the 'county of Hardeman, Texas," and of a deed by them to one Richardson, through their "agent and attorney in fact, J. J. Coombs, of the county of Bowie, State of Texas," do not constitute conflicting evidence. These recitals scarcely justify a "mere surmise" that their residence was elsewhere than as stated by them. Railway v. Faber, 77 Texas, 155.

But if there was conflicting evidence upon this point, the appellant's failure, as in this instance, to interpose a plea in avoidance of the statute would prevent such evidence from availing him. The court properly withdrew the case from the jury.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.