**KARLEN et ux. v. EL JARDIN IMMIGRATION CO. et al.  (No. 7408.)***

(Court of Civil Appeals of Texas. San Antonio. Oct. 21, 1925.  Rehearing Denied Nov. 14, 1925.)

**1. Appeal and error ⬤⟿154(4)—Relief cannot be had against party on appeal as to whom suit was dismissed in lower court.**

Where suit was voluntarily dismissed as to one defendant after peremptory charge in favor of another, relief as to such dismissal cannot be had on appeal.

**2. Trusts ⬤⟿258—Trustee holding title to land for benefit of parties cannot be made party to suit for fraud after conveyance.**

Trustee of naked trust holding title to land for benefit of parties has no further concern with matter after conveyance in accordance with trust, and cannot be made party to action for rescission of contract or damages for fraud.

**3. Pleading ⬤⟿369(1)—Purchaser may be required to elect whether he will prosecute vendor for rescission of contract or for fraud.**

In purchaser's action against vendor for rescission of contract or damages for fraud, court properly required purchaser, after evidence was all in, to elect on which of two remedies he would prosecute.

**4. Appeal and error ⬤⟿997(3)—Action of trial court in instructing verdict will not be disturbed, where there is no material evidence to support a verdict.**

Though it is fundamental error for court to instruct verdict which in effect denies party constitutional right of trial by jury, action of court will not be disturbed where there is no material evidence that would support a verdict.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Suit by David Karlen and wife against the El Jardin Immigration Company and others. From a judgment for defendants, plaintiffs appeal.  Affirmed.

See, also, 247 S. W. 671.

Graham, Jones, Williams & Ransome, of Brownsville, for appellants.

Wm. S. West, Milton H. West, and Harbert Davenport, all of Brownsville, for appellees.

COBBS, J.  This suit was before this court on appeal once before, when it was reversed and remanded for another trial, and is reported in 245 S. W. p. 1043. The facts on the two appeals are practically the same, and the law of the case was practically settled on that appeal. We are going to make no lengthy statement of the case nor elaborate at all.

At the time of the previous trial, the plaintiffs were David Karlen and Jessie Karlen, and the defendants were El Jardin Immigration Company and James-Dickinson Farm Mortgage Company, both Missouri corporations, C. F. Thomas, Harbert Davenport, and R. B. Rentfro. At the beginning of the trial which resulted in the judgment from which this appeal is had, plaintiffs dismissed their suit as to Harbert Davenport and R. B. Rentfro, and the court sustained a general demurrer to their petition as to the defendant C. F. Thomas and plaintiffs decline to amend.

In this state of the record the case was tried on the issues raised by the pleadings as between plaintiffs and the two Missouri corporations.

Plaintiffs' case as made by their pleadings was predicated on a fraud alleged to have been committed by one George, who was admittedly the agent of defendant El Jardin Immigration Company. Plaintiffs sought to hold James-Dickinson Farm Mortgage Company for the acts of George by pleading and offering evidence tending to show that George was likewise agent for appellee James-Dickinson Farm Mortgage Company, and that the two corporations acted together in the transaction and accepted the benefits of the fraud. Plaintiffs pleaded their case in the alternative as a suit for rescission and cancellation, and as an action for damages for fraud and deceit. At the conclusion of the evidence, the two corporate defendants filed their motion to require plaintiffs to elect on which of these alternative theories they would rely. The court, over appellants' objection, sustained this motion, and required plaintiffs to elect; whereupon plaintiffs elected to stand on their action for rescission and cancellation. The two defendant corporations thereupon separately moved for peremptory instructions in their favor, which the court sustained as to appellee James-Dickinson Farm Mortgage Company, but overruled as to defendant El Jardin Immigration Company. Thereupon plaintiffs voluntarily dismissed their suit as to said El Jardin Immigration Company.

In this state of the record, the court rendered judgment for appellee C. F. Thomas on his general demurrer, and for appellee

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction January 13, 1926.

James-Dickinson Farm Mortgage Company on the instructed verdict in its favor. The defendants Harbert Davenport, R. B. Rentfro, and El Jardin Immigration Company were disposed of by judgment on appellants' voluntary dismissal.

Appellant is now seeking the reversal of the judgment against El Jardin Immigration Company, James-Dickinson Farm Mortgage Company, and C. F. Thomas, and its affirmance as to Rentfro and Davenport.

[1] Upon what theory appellants seek relief against the immigration company, since they voluntarily dismissed it, we are unable to see, and as to that company the judgment of dismissal will be affirmed, eliminating it and leaving only for our consideration appellants' complaint against appellees James-Dickinson Farm Mortgage Company and C. F. Thomas, who will be referred to as appellees herein.

The first proposition is that the court erred in instructing a verdict in favor of El Jardin Immigration Company, James-Dickinson Farm Mortgage Company, and C. F. Thomas.

The appellants alleged that Thomas, a nonresident of the state, owned no property in the state subject to execution, but that the paper title to the land was placed in Thomas for the use and benefit of defendants; that Thomas conveyed the land in controversy to appellants, reserving a vendor's lien for the purchase money for James-Dickinson Farm Mortgage Company. The contract for the purchase of the land was solely with El Jardin Immigration Company. This is made very plain by the testimony of Mr. Lee B. James, president of defendant James-Dickinson Farm Mortgage Company, appellants' witness, who among other things testified that he was the president of the company in Missouri, and that he, Mr. Dickinson, and Mr. Thomas were the officers of the Texas Company.

[2] There is nothing alleged or proven to hold C. F. Thomas personally liable. He was a mere naked trustee holding title to the land for the benefit of the parties, and when that trust was executed by the conveyance of the land to appellants, as it was his duty to do, he was no further concerned with the matter, and was neither a proper nor necessary party to this suit on the ground of fraud or otherwise, because he has not been shown to be guilty of any fraud, nor for any purpose of rescission. We overrule this assignment.

Appellants contend in their third proposition that the trial court erred in requiring appellants to elect whether they would proceed on their action for rescission, as alleged in their petition, or would proceed on their alternative action for damages as alleged in their petition; the motion having been filed after all the evidence was in and after appellants had requested the case to be submitted to the jury on special issues. Being so, required to elect, over their objection, they elected to try the case on their action for rescission. This compelled appellants, as a matter of course, to abandon their action for damages growing out of the alleged fraud.

[3] Appellants urge strenuously that it was error to compel them to elect as to which remedy of the two they would prosecute. An election of remedies will often take place without the action of the court after all the testimony is in, for the reason that no recovery can be had on two separate and adverse causes of action in the same case. Fort Terrett Ranch Co. v. Bell (Tex Civ. App.) 275 S. W. 83. We said on the former appeal of this case:

"But such failure to promptly move to rescind in no wise affects his alternative right to proceed with the common-law remedy for the alleged fraud committed in selling and pointing out to appellant one tract of land, and conveying another entirely different and differently situated tract of land. The purchaser was entitled to the land he bargained for, and the actual and consequent damages resulting from the fraud of the seller."

But no question of damages per se is here for consideration, because of the election of appellants to sue for the rescission of the contract. It makes no difference if that came about by the action of the court, the election was made by appellants, as it would ultimately have had to be made before any verdict could be secured. If appellants thought the court had no power to cause them to elect at that particular time, which was in the economy of time and simplicity of issues, they could have refused entirely to elect and let the election be made by the court in its charge to the jury or otherwise. We think the action of the court, instead of being criticised, should be commended. The authorities cited by appellants in cases of alternative relief are not applicable. Of course, alternative relief may be granted in proper cases, but not in a case of the rescission of completed sales when the purchaser has gone in possession of land, made valuable improvements thereon, and retained possession thereof without the tender of a reconveyance, long after full information of the alleged fraud. This is totally contradictory to the demand made by appellants for damages caused by the alleged fraud, for in the latter case it is predicated on a theory that affirms the sale, and a personal judgment for money. Dickson v. Day (Tex. Civ. App.) 275 S. W. 309. So then the element of fraud is to be used and can only be used to set aside the sale. But why should we further linger on that subject?

Appellants themselves dismissed the real party from the suit, who, if any one, committed the alleged fraud. There is not a scintilla of material testimony that either one of the appellees left in the case were guilty of any actual fraud. Thomas was a

mere trustee holding the legal title to be disposed of in accordance with a legitimate arrangement to make conveyances, and the other appellee was a corporation created, among other things, for "receiving evidences of debt and proper liens to secure money that may be loaned by the company."

A very careful review of the testimony fails to convince us of any material or substantial act of fraud on the part of the remaining appellees, such as would justify the submission of any issues to the jury whatever.

As to appellants, we are fully convinced that their acts found by the trial court, not only prior to their purchase, but subsequently, amount to a waiver of any right, if any they ever had, to move to rescind the contract of sale. The law on this subject is too well settled for us to write a thesis as it were, or further elaborate on it. In point, see two of the many very interesting cases on the subject: Hallwood Cash Register Co. v. Berry et al., 35 Tex. Civ. App. 554, 80 S. W. 857; Minter v. Hawkins, 54 Tex. Civ. App. 228, 117 S. W. 173.

[4] Though it is fundamental error for the court to instruct a verdict which in effect denies a party of his constitutional right of trial by a jury, the action of the court will not be disturbed when there is no material evidence that would support a verdict. Courts do not do useless things. We do not think a case is presented that would sustain a judgment for the rescission of the contract.

Having carefully examined the entire record and the assignments of error, we overrule the same and affirm the judgment of the trial court.