**CITY OF ROBSTOWN v. THOMPSON.**

No. 9900.

Court of Civil Appeals of Texas. San Antonio.

Dec. 23, 1936.

Rehearing Denied Jan. 27, 1937.

B. H. Kirk, of Robstown, for plaintiff in error.

Ward & Brown, of Corpus Christi, for defendant in error.

BOBBITT, Justice.

This suit was instituted by the plaintiff in error, City of Robstown, Tex., against defendant in error, Mrs. W. T. Thompson, a feme sole, as a property owner in said city, on a paving assessment made by the city for paving a street upon which the property of defendant in error abuts.

The assessment was made on May 7, 1929, in the sum of $185.77, together with interest at the rate of 6 per cent. from date and attorney's fees in the event of legal proceedings to collect the same.

There is no question here raised concerning the validity of such assessment. That matter was determined in a suit heretofore filed and finally disposed of as shown by the judgment of this court in the case of Clark et al. v. W. L. Pearson & Co. et al., and reported in 26 S.W.(2d) 382.

█ Furthermore, it is not disputed that the property against which the assessment was made and here involved was, and is, the homestead of defendant in error; and such property, therefore, is not subject to a lien to secure payment of the assessment.

It is shown by the record, and agreed by the parties, that the only purpose of this suit as instituted by plaintiff in error is to secure a personal judgment against defendant in error on the debt or claim due under the provisions of the assessment.

█ Notwithstanding the fact that the property is not subject to a lien by virtue of the fact that it was and is the homestead of defendant in error, if the assessment as made was a valid claim when made against the defendant in error, she is liable therefor, unless the debt and claim is barred by the statutes of limitation. Article 1091, R. S.1925.

█ The record shows that the assessment was duly made, and as above pointed out, on the 7th day of May, 1929; and the ordinance of the city under which said assessment was made, provides the assessments shall be payable "either all in cash, or one-seventh on or before November 1, 1929," and one-seventh on each November 1 thereafter until paid; and that "in case any installment thereof, either principal or interest, is not paid within ten days after same becomes due, the whole amount of said assessment remaining unpaid shall at once become due and payable, and the said lien subject of foreclosure and said personal claim become mature."

The first installment was therefore due and payable on November 1, 1929, and if it were not paid within ten days thereafter then, under the terms of the ordinance, the entire assessment was due and payable and the lien (except as against homesteads) was subject to foreclosure, and the "personal claim" became matured.

It is undisputed that plaintiff in error did not file this suit to collect the first installment, or any installment on the assessment against the property here involved, until the 23d day of May, 1934.

If, therefore, the statute of limitation applies to such cases, as here involved, then it is apparent that plaintiff in error's claim is barred.

Upon the trial in the district court, that court held that plaintiff in error's claim was barred by the statute of limitation, and accordingly entered judgment against the City of Robstown.

It seems clear to us from the cases hereinafter cited, that the statute of limitation does apply in such case as the one here involved. O'Connor v. Koch, 9 Tex.Civ.App. 586, 29 S.W. 400; City of Cisco v. Varner (Tex.Civ.App.) 8 S.W.(2d) 311; Id. (Tex. Com.App.) 16 S.W.(2d) 265.

Plaintiff in error makes the contention that the debt and claim, being in the form of installment payments, as above shown, is not subject to the general and well-established rule that upon default in the first installment, as in case of a series of notes, the entire indebtedness then becomes due and payable, unless the property owner had received notice of such accelerating clause prior to the passage of the ordinance providing for such payments. We overrule such contention. As above pointed out, the assessment in question was validly made on May 7, 1929. The first installment was due ten days after November 1st, thereafter. Defendant in error does not claim to have made any payments at any time under such assessment. Plaintiff in error shows, by its own testimony, that no payment on such assessment has been made, and the record shows that plaintiff in error made no effort and took no steps to enforce payment of such assessment, or any installment thereunder, until the lapse of more than four years after the whole debt became due and payable.

No reason is given or suggested as to why plaintiff in error did not proceed to enforce collection of the debt due it under the terms of a valid ordinance and as pro-

vided by the laws of this State, until the expiration of more than four years. ·

There can be no question, we think, that the debt due the city under the terms of the assessment and the ordinance passed by the city matured in full, as provided by such ordinance, within ten days after November 1, 1929. Article 1091, supra; San Antonio Real Estate, Building & Loan Association v. Stewart, 94 Tex. 441, 61 S.W. 386, 86 Am.St.Rep. 864; City of Fort Worth v. Rosen (Tex.Com.App.) 228 S.W. 933, 935; Dodge v. Signor, 18 Tex.Civ.App. 45, 44 S.W. 926; McCray Refrigerator Co. v. Simms (Tex.Civ.App.) 268 S.W. 275. The city having failed to take any action to enforce its rights against the debtor until the running of the statute of limitation in favor of the debtor, the claim and debt are barred, and the trial court properly entered judgment to that effect.

For the reasons stated, the judgment of the trial court is in all things affirmed.