## VACKAR v. GULF PRODUCTION CO. et al.

### No. 1749.

Court of Civil Appeals of Texas. Eastland.

Feb. 4, 1938.

E. C. Overall and Duncan & Davis, all of Gonzales, for plaintiff in error.

Archie Gray and Walter C. Clemons, both of Houston, and Rose & Sample, of Edna, for defendants in error.

FUNDERBURK, Justice.

In an action of trespass to try title, Mary Vackar sought to recover of Gulf Production Company and also E. T. Rose and S. G. Sample the title and possession of certain land situated in Jackson county, Tex. The Gulf Production Company disclaimed any interest, except the ownership of an oil, gas, and other minerals lease, executed by plaintiff's remote grantor, James Patek and wife, dated September 7, 1929, having a primary term of ten years, with provision for payment of annual delay rentals of $199.20 on or before September 7th of each year. Defendants Rose and Sample likewise disclaimed except as to one-half the oil, gas, and other minerals under a mineral deed dated May 6, 1931, from William Patek, grantee of said James Patek and wife, which deed, in addition to the conveyance of said mineral interest, provided for payment to the grantee of "one half ($\frac{1}{2}$) of the money rentals which may be paid to extend the term within which a well may be begun under the terms of said lease," the reference being to said Gulf Production Company lease. The judgment, in a nonjury trial, was to the effect that plaintiff recover only such interest as the defendants disclaimed; and to confirm in Gulf Production Company the title and interest in the land represented by said lease and in Rose and Sample the interest represented by said mineral deed to one half of the oil, gas, and other minerals.

Upon due request the trial judge filed his conclusions of fact and law. Plaintiff, by prosecuting writ of error, becomes the plaintiff in error in this court, but will be referred to as plaintiff. The defendants in error will be referred to as defendants, or by name.

687

We shall first consider the action of the court alleged as the single ground of error in plaintiff's formal assignments of error 6 and 6—b. Such action consists of the finding of fact contained in paragraph 13 (of the conclusions of fact and law) that "defendant Gulf Production Company has duly paid to the respective persons entitled thereto and on the respective dates provided for in its foregoing oil, gas and mineral lease, and at the places therein provided for, all annual delay rentals provided for in such lease and has kept such lease in full force and effect to the present time." The reasons stated as a part of, or in connection with, these assignments of error, show the contentions of plaintiff to be (1) that she "became the owner of said land of date December 7, 1932 [should be November 7, 1933]; that the Gulf Production Company paid no part of the rentals due under its lease of [due] date September 7, 1934 and 1935, to Mary Vackar, thereby said lease failed for failure to pay the annual rental to defer drilling operation"; (2) that "the evidence does not show the plaintiff ever received any rental after she purchased the land, nor that any more were paid to any person authorized by her to accept same, or were paid as provided for in said lease."

It is unnecessary for us to set out the evidence which in our opinion supports, if it does not require, the conclusion of fact challenged by these assignments. It is deemed sufficient to point out that there was no evidence that the rentals were not paid as required by the terms of the lease. This is true even if it be conceded that by the trustee's deed of November 7, 1933, plaintiff became the owner of the land subject to or discharged of the oil and gas lease and the mineral deed. Plaintiff seems to rely upon an absence of evidence to show that the rentals were paid. This, we think, manifests an erroneous understanding of the burden of proof. She was the plaintiff and, if the lease had forfeited for the non-payment of delay rentals, she had the burden of proving the facts to show the forfeiture. Assignments of error 6 and 6—b are therefore overruled.

■ It appears from a reading of the plaintiff's brief that the real and determinative question sought to be presented for our decision is whether or not, although the deed of trust lien, under a foreclosure of which plaintiff claims, was given subsequent to the execution of the oil and gas lease and the mineral deed, yet; because the debt secured by said deed of trust represented a loan by plaintiff to William Patek used in partial discharge of liens in existence and duly of record prior to the execution of said lease and mineral deed, with an agreement by said parties that plaintiff was to be subrogated to such prior liens, it had the effect of subordinating the lease and mineral deed to such deed of trust lien with the result that upon foreclosure and sale of the property under the powers contained in the deed of trust and in satisfaction of said lien the interest in the land represented by said oil and gas lease and said mineral deed would thereby be extinguished. The question is an interesting one. Assuming that it is presented by assignments of error sufficient to invoke the jurisdiction of this court to determine same (Note 1) it is nevertheless not necessary that we do so. This for the reason that, if it be granted that the facts stated would have the result contended for, such facts could not be proved by mere recitals in the deed of trust or the note which it secured, executed, as they were, long after the lease and mineral deed and being entirely outside the chain of title under which the lessees in said lease and the grantees in said mineral deed claimed their several interests in the land. The defendants were neither parties nor privies to the instruments in which the recitals occur. Defendants being strangers to the transaction, the recitals as to them were hearsay and incompetent as proof. White v. McGregor, 92 Tex. 556, 50 S.W. 564, 71 Am.St.Rep. 875. Other than the recitals, there was no evidence whatever supporting the facts recited. It is particularly noteworthy that there was a total absence of evidence that any part of the debt which the deed of trust was given to secure was a loan which was used to discharge any part of the indebtedness secured by the prior liens to which, according to the recitals, the plaintiff was agreed to be subrogated. The learned trial judge in ruling upon objections to the admission of evidence made clear his view that such recitals alone constituted no evidence. Under the circumstances, we think no other judgment than the one rendered would have been proper.

In her brief, plaintiff seeks to show that she had good title to the land to the exclusion and extinguishment of the oil and gas lease and mineral deed upon the theo-

ry that she succeeded to the outstanding legal title, resulting from the fact that a part of the prior liens to which she claimed to be subrogated was for purchase money and she was entitled to judgment for the land under such superior title. One trouble with this theory is that there is no proof outside of said incompetent recitals that she ever acquired such outstanding title. There was no evidence of a conveyance of it to her.

In addition to this obstacle, her claim under the deed of trust foreclosure proceedings was an election not to rescind and claim title other than through such foreclosure proceedings.

Upon the many authorities cited, we had occasion to conclude in Breeding v. Farm & Home Sav. & Loan Ass'n, Tex. Civ.App., 90 S.W.2d 272, 274, that "It is a well-established general rule that one holding a vendor's lien and also having legal title to the land covered by such vendor's lien such as remains in a vendor of land under an executory contract of sale, has, upon default in payment of the obligation secured by the vendor's lien, an election to rescind the sale and recover the land, or to establish his debt and foreclose the lien, but if he elects the latter, the legal title will thereby vest in the grantee of the land." There was no repudiation of the debts secured by the prior liens, or any other circumstances to avoid the application of the above rule. Under the issues joined by the pleadings only a matter of title was involved, as to which plaintiff had the burden of proof.

It is our conclusion that the judgment of the court below should be affirmed, and it is accordingly so ordered.

### Note 1.

The writer, expressing in this note his individual views, is of the opinion that the assignments of error relied upon and necessary to present said question are legally insufficient. The only actions or rulings of the court specified as the ground of error in any of the assignments of error are (1) *"In rendering judgment* for the Gulf Production Company as owner of an oil, gas and mineral lease as against Mary Vackar, the plaintiff"; and (2) *"In rendering judgment* for the defendants E. T. Rose and S. G. Sample as owners of an undivided one half mineral interest in said land in litigation as against the plaintiff." (Italics ours.)

An indispensable requisite of a sufficient assignment of error as prescribed by statute is that the assignment be one which "directs the attention of the Court to the error complained of." R.S.1925, art. 1844, as amended by Acts 1931, c. 75, § 1, Vernon's Ann.Civ.St. art. 1844. The word "error" as thus used is synonymous in meaning with "ground of error" and refers to some action or ruling of the court. Rules 24, 25, 26 (142 S.W. xii); Clarendon Land Inv. Agency Co. v. McClelland, 86 Tex. 179, 23 S.W. 576, 1100, 22 L.R.A. 105. As said by Judge Speer in Clonts v. Johnson, 116 Tex. 489, 294 S.W. 844, 846: "It is the ruling [or other action, we may add] that is to be reviewed by the appellate court." (Brackets ours.) As further said in Bell v. Blackwell, Tex.Com.App., 283 S.W. 765, 767, "Logically, in all cases, the error inheres in the *ruling or action* of the court, whatever be the subject-matter of such ruling. No appellate court would think of reversing a trial court for an improper argument of counsel or for misconduct of the jury or *any other act* not of the court himself, without in some way calling the matter to the attention of the trial court and procuring his *ruling* thereon. The complaint therefore is at last based upon the *ruling of the court."* (Italics ours.) See the minority opinion of the writer in Western Union Life Co. v. Ensminger, Tex.Civ. App., 103 S.W.2d 162, for other authorities supporting the proposition that the subject-matter of assignments of error consists of rulings and actions of the court; that the statement of reasons to support the allegation of error constitute no part of assignments of error, and the statements of such reasons cannot aid an otherwise insufficient assignment.

It may be that the ruling or action of the court in rendering judgment in a particular case really constitutes the ground of error relied upon. If so, undoubtedly it will be a sufficient assignment of error to state that the court erred in rendering such judgment. For example, suppose in this case the court, after finding all facts to require a judgment for Gulf Production Company, or for Rose and Sample, had rendered judgment against them. Such action would be reviewable, even if it were not fundamental error, upon the very assignments of error now under consideration. That would be true because the act of rendering the judgment would itself be the violation of appellant's right. But such an assignment

of error would not be sufficient to authorize the appellate court to review the correctness of any conclusion of fact or of law. If the purpose of an appealing party be to have the correctness of a conclusion of fact or of law reviewed, the conclusion, itself an act or ruling of the court, must be specified as the ground of error in an assignment of error which the statute requires shall be one "distinctly specifying the grounds [of error] on which he relies" and subject to the declared consequences that "all errors [grounds of error] not distinctly specified are waived." R.S.1925, art. 1844, as amended. Such statutory provision for a waiver of all grounds of error not distinctly specified is not for the benefit of the litigants primarily, but is intended to serve a general public interest. Its purpose is to enable the appellate courts to discharge their functions more expeditiously. If the assignments of error here involved are, sufficient, such intended benefits from the standpoint of public interest may be completely lost. If, for example, the finding of a particular fact out of many is the only ruling or action of the court to be challenged, and that may be done, not by making such finding the ground of error, but by assigning as the ground of error the action of the court in rendering the judgment, it is plain that the purpose of the statute to provide for a waiver of all errors not distinctly specified is defeated.

The rendering of judgment upon unchallenged findings is in the nature of a ministerial act. If, by assigning the rendering of a particular judgment as the ground of error, a review can be had of the correctness of findings of fact or conclusions of law, then it is difficult to see why there should ever be but a single assignment of error, alleging as the ground of error the action of the court in rendering the judgment. If a particular finding of fact or conclusion of law may be reviewed under such an assignment of error, why not any and all of the rulings or actions of the court during the entire progress of a trial?

With respect to the question sought to be presented, if this court should take jurisdiction and should conclude that the effect of the evidence was to charge the defendants with constructive knowledge of the lien through which plaintiff deraigned her title, such conclusion would be in conflict with that of the trial court expressed in paragraph 15 of the conclusions of fact

and law to the effect that the "defendants had no actual knowledge *or any knowledge* that the plaintiff claimed any lien on the land," etc. (Italics ours.) If the defendants "had no actual knowledge *or any knowledge*," that must be a conclusion that they had no constructive knowledge or notice. Such conclusion, whether one of fact or law, is immaterial here, was not the ground of error in any assignment of error. If the judgment is to be held erroneous, the said conclusion was erroneous. But the statute says, in effect, that any error in the conclusion would, by failure not to assign it as error, be waived. If the assignments in question are held sufficient, the result is a nullification of the waiver declared by the statute.