## WELLS v. SMITH.

### No. 14117.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 11, 1940.

Rehearing Denied Nov. 15, 1940.

C. C. McKinney, of Cooper, and Jackson & Stell, of Sulphur Springs, for appellant.

Hutchison & Fisher, E. L. Myers, and Long & Wortham, all of Paris, for appellee.

DUNKLIN, Chief Justice.

C. F. Wells, defendant in the trial court, has appealed from a personal judgment in

favor of James A. Smith, plaintiff, for the amounts due on certain promissory notes executed by him for purchase money of two tracts of land, with foreclosure of vendor's lien to secure the same; and the principal complaint urged by him here is alleged error in overruling his plea of the four-year statute of limitation to that demand.

The notes in controversy are a series of seven, executed by defendant, C. F. Wells, in consideration of a deed of conveyance to him of two tracts situated in Delta County, Texas, by plaintiff, James A. Smith, and wife, Bess Smith, joined by W. S. Smith, dated October 23rd, 1929. W. S. Smith, a single man, died in the year 1935. After his death all his heirs, except plaintiff, J. A. Smith, deeded to the latter all their interest in the land, together with all rights and appurtenances thereunto belonging. Under that conveyance plaintiff claimed ownership of the purchase money notes and the vendor's lien given to secure the same; and that ownership has not been challenged by appellant, if the notes have not been barred by the defense of limitation pleaded.

The deed referred to, above noted, recited the consideration therefor as follows: "One hundred and twenty and no/100 dollars, to us in hand paid by C. F. Wells, the receipt of which is hereby acknowledged, and the further consideration of 7 promissory notes of even date herewith, each for the sum of $200.00, and bearing 8% interest from date, and due annually. First note due October 23rd, 1930, second note due October 23rd, 1931, third note due October 23rd, 1932, fourth note due October 23rd, 1933, fifth note due October 23rd, 1934, sixth note due October 23rd, 1935, seventh note due October 23rd, 1936, being payable to order of James A. Smith, Paris, Texas; it being understood that failure to pay any note as same becomes due shall mature the entire series of notes unpaid, and the owner and holder may proceed to collect same. (To secure payment of which notes we hereby retain the vendor's lien on the land hereinafter conveyed.)"

The seven notes recited in the deed were executed by C. F. Wells contemporaneously with the execution of the deed. None of them has been paid and all are now owned by plaintiff, James A. Smith. Each of those notes embodies this recital: "This note is a series of seven similar notes this day given by C. F. Wells as a part of the purchase price for said above mentioned property, and it is understood and agreed that failure to pay this note or any installment of principal or interest thereon when due shall at the election of the holder of all said notes or any one of them mature all the said notes and they shall at once become due and payable, and the vendors lien herein mentioned shall become subject to foreclosure proceedings as the holder may elect."

Plaintiff's amended petition, on which the case was tried, included two counts, the first for recovery of superior title to the land covered by the deed to C. F. Wells, because of the vendor's lien retained therein; and second, and in the alternative, for judgment for the amount now due on the seven promissory notes, with foreclosure of the vendor's lien. And judgment was rendered on that alternative pleading.

Plaintiff's original petition was filed January 18th, 1937, which was more than four years after the respective due dates of any of the first three notes.

The controverted question here presented is, did the four-year period of limitation, Vernon's Ann.Civ.St. art. 5520, pleaded by defendant begin at the date of maturity of the first note, as insisted by appellee, or on or about February 5th, 1936, which, according to the uncontroverted testimony introduced by plaintiff, was the date he first exercised the option given in the notes to accelerate the maturity of all the notes then unpaid.

Apellant cites several authorities with special reliance on the decision of our Supreme Court in San Antonio Real-Estate, Bldg. & Loan Ass'n v. Stewart, 94 Tex. 441, 61 S.W. 386, 387, 86 Am.St.Rep. 861, and decisions there cited. In that case, Stewart and wife executed 72 instalment notes, payable monthly, in favor of the Building & Loan Association, to pay for improvements on their homestead, together with a mechanic's lien on the property, in consideration of which the Association erected the improvements contracted for. The contract giving the lien included this provision: " * * * that, whenever any three of said notes or monthly payments remain unpaid, in whole or in part, after due, then and thereupon the balance of said notes remaining shall be due and payable, and said association may at any time there-

after proceed to foreclose said debt and lien."

The suit was for foreclosure of the mechanic's lien, to which the four-year statute of limitation was pleaded, and the question involved was certified to the Supreme Court by the Court of Civil Appeals. The following is quoted from the opinion:

" 'Question. Did all the unpaid notes become due upon default in the payment of the three notes, in such manner that the statute of limitations has barred appellant, regardless of what took place, as hereinbefore stated, between Stewart and the association in reference to the contract?'

"The notes and the instrument creating the lien, executed at the same time concerning the same subject-matter, are to be construed together as constituting one contract. According to the great weight of authority, including decisions of this court, the stipulation in the last-mentioned writing has the effect of fixing a contingency upon the happening of which the debt should mature at a time earlier than the dates given in the notes for their maturity. Dodge v. Signor [18 Tex.Civ.App. 45], 44 S.W. 926; [First Nat.] Bank v. Peck, 8 Kan. 660; [Wheeler & Wilson] Manufacturing Co. v. Howard (C.C.), 28 F. 741; Brownlee v. Arnold, 60 Mo. 79; 1 Daniel, Neg.Inst. [sec.] 156; Gregory v. Marks, Fed.Cas.No.5,802, 8 Biss. 44; Noell v. Gaines, 68 Mo. 649. There is some authority for the construction that such a stipulation in the mortgage alone does not have the effect, upon default in the payment of an installment, of maturing the notes for general purposes, but operates only to allow foreclosure of the mortgage, and the application of the proceeds of the property to the whole debt, without otherwise affecting the terms of credit expressed in the notes. Owings v. Mackenzie [133 Mo. 323], 33 S.W. 802, 40 L.R.A. 154, dissenting opinion of Hough, J., in Noell v. Gaines, supra, and cases cited. This view cannot be adopted consistently with the previous decisions of this court or the current of decisions elsewhere, of which many others could be cited besides those before referred to, and the effect of the stipulation in question in the instrument giving the lien must be held to be the same as if it had been inserted in the notes. Among the courts so treating it, another difference of opinion has arisen as to its effect, some treating it as maturing the notes absolutely, upon default in payment of one of the install-ments, and others holding that it merely gives to the creditor a right of election to declare the whole debt to be due, or to waive the default, and insist upon the performance of the contract as it originally stood, unaffected by such default.

"The view first stated has been adopted by this court, with the result that upon default in an installment the debt matures and limitation begins to run. Harrison Machine Works v. Reigor, 64 Tex. [89] 91; Dodge v. Signor, supra. Other authorities to the same effect are Hemp v. Garland, 45 E.C.L. 519; Moore v. Sargent, 112 Ind. 484, 14 N.E. 466; [First Nat.] Bank v. Peck, supra."

Appellant also cites 6 Tex.Jur., sect. 79, page 685, reading: "When it is provided that if any one of a series of notes is not paid at maturity all the notes shall become due, a default in any payment ipso facto brings to maturity the entire series." And McCray Refrigerator Co. v. Simms, Tex. Civ.App., 268 S.W. 275 to a like effect.

█ It is our conclusion that the option given in the notes to the effect that if default be made in payment of any of the notes at maturity, the holder of all the notes then unpaid would have the option to mature them, with right of foreclosure of the lien executed to secure them, is determinative of the issue of limitation. In other words, we conclude that the option given in the notes should be controlling, to the exclusion of what the terms of the deed with respect to its recitals of consideration would import, in the absence of the option given in the notes alone. While the notes and lien are all to be construed as one transaction, the notes themselves are better evidence of the consideration than the recitals thereof in general terms found in the deed.

█ We believe this conclusion is sustained by the following decisions, none of which, in our opinion, is in conflict with those relied on by appellant. That a lien given to secure a debt is but an incident to the debt is a familiar rule of construction.

█ This statement in 29 Tex.Jur., sect. 92, page 914, is supported by authorities there noted: "If there is any inconsistency between the provisions of the mortgage and the language of the note which is secured thereby prevailing effect will be given to the terms of the note." Power v. Westhoff, Tex.Civ.App., 4 S.W.2d 274, writ dismissed; Indiana & Illinois Ry. v. Henri-

etta P. Sprague, 103 U.S. 756, 26 L.Ed. 554; Shive v. Braniff Inv. Co., Tex.Civ. App., 68 S.W.2d 564; Clement v. Scott, Tex.Civ.App., 60 S.W.2d 258, writ dismissed; Bowman v. Rutter, Tex.Civ.App., 47 S.W. 52.

■■ Plaintiff alleged that the notes sued on were lost and notified defendant that secondary evidence thereof would be introduced.

Defendant filed a duly verified plea of non est factum. On the trial, plaintiff introduced purported copies of the notes which he testified he himself made before turning them over to Mr. Patterson, his attorney, for collection. Patterson testified to receipt of those originals and the abstraction thereof from his office, in his absence, very shortly after he had shown them to defendant, on a visit to his office by the latter, and his inability to find them after diligent search. He had examined the notes time and time again, when defendant, Wells, would come in and talk of trying to settle them by reconveying the property. On each occasion witness showed the notes to defendant, and defendant did not deny his signatures thereto or question their genuineness. Further, he saw defendant sign another note for $100 and his signature to that was the same as his purported signature to the notes in suit; and witness was familiar with his signature. He further testified: "There was an accelerating clause in those notes that provided that in the event of failure to pay the interest or any one of those notes when due gave the owner, payee, Jim Smith, the right to mature all unpaid debts. It also provided that the unpaid debt should bear 10%; it was drawing 8% up to that time." He testified to other circumstances tending to corroborate his foregoing testimony.

Defendant, Coker Wells, did not testify in the case, although the judgment recites that he appeared in person at the trial, and no evidence was introduced to explain his failure so to do.

The evidence recited was not contradicted by any other in the record before us. And under that showing the court did not err in instructing the verdict returned, as insisted by appellant under other assignments of error, under the general rule that a peremptory instruction cannot be given when based on the uncorroborated testimony of a party to the suit. Williams Sign Co. v. Rodgers, Tex.Civ.App., 24 S.W.

2d 478; Western Shoe Co. v. Amarillo National Bank, Tex.Civ.App., 42 S.W.2d 469; Thomas & Co. v. Hawthorne, Tex. Civ.App., 245 S.W. 966, loc.cit. 972, 973, error refused; Bailey v. Dillard, Tex.Civ. App., 147 S.W. 1165, and other authorities cited in those decisions. And those decisions have special force, when it appears that defendant was present in court during the trial and failed to take the witness stand and testify to any fact which would tend to discredit the testimony offered by plaintiff, referred to above. Brown v. McKinney, Tex.Civ.App., 208 S.W. 565, writ refused.

■ Since, under Rule 4 of Texas Court Rules, plaintiff had the right to plead the relief sought in the two separate counts in his petition, the court did not err in refusing defendant's motion, presented at the beginning of the trial, to require plaintiff to elect which of those counts he would rely on.

■■ Moreover, although the point is not definitely presented in appellee's brief, we believe that even if the first note be construed as maturing at the date evidenced solely by the recitals in the deed and in the absence of its optional provisions, nevertheless, the action of the court in overruling appellant's plea of limitation was correct, independently of the theory noted in our foregoing conclusions. Because, when the amendment of Art. 5520 by Act of the Legislature in 1931, Vernon's Ann. Civ.St. art. 5520, repealing Arts. 5521 and 5523 of Statutes of 1925, became effective, the first note as described in the deed was not then barred by the four-year statute of limitation, and under express provisions of that amended article limitation did not begin to run on that or any of the other seven of the same series of notes, until February 6, 1936, when plaintiff elected to mature all of them. And the suit was instituted less than one year thereafter, to wit, on January 15, 1937. Citizens' Natl. Bank v. Graham, 117 Tex. 357, 4 S.W.2d 541; Broussard v. Beaumont Rice Mills, Tex.Civ.App., 115 S.W.2d 1235; Shepherd v. Woodson Lumber Co., Tex.Civ. App., 63 S.W.2d 581; Hutton v. Harwell, Tex.Civ.App., 95 S.W.2d 467; Crow v. Willard, Tex.Civ.App., 110 S.W.2d 161; Cathey v. Weaver, 111 Tex. 515, 242 S.W. 447, 453. In the last-cited case, this was said by our Supreme Court: "The rule is that, while as to all causes of action not actually barred the Legislature may extend

the period of limitation, yet, if rights have once become vested and perfect, the Legislature is without power to remedy or lengthen the limitation period."

For the reasons indicated, all assignments of error are overruled, and the judgment in favor of plaintiff against the defendant C. F. Wells is affirmed. But the judgment in favor of plaintiff against all other defendants in the court below, from which no appeal is prosecuted, is left undisturbed.

## On Motion for Rehearing.

Upon the trial defendant objected to that portion of the testimony of witness Patterson to the effect he kept the seven notes in suit here in a drawer in his office along with another note for $100 in favor of one Jim Smith, and all of those notes were abstracted from his office during his absence for a very short time on an errand to another office in the town of Cooper. He further testified that he saw defendant Wells sign the $100 note, which, in his opinion, was the same as his purported signatures to the seven notes in suit. Counsel for defendant objected to that opinion of the witness, based on comparison of signatures, because since all the notes had been lost they could not be submitted to the judge or jury for such comparison of signatures; as provided by Art. 3737b of Vernon's Texas Civil Statutes, and as construed in the opinion of the Commission of Appeals in Gibralter Colorado Life Co. v. Taylor, 123 S.W.2d 318. And that point is stressed in appellant's motion for rehearing.

No assignment of error is presented to that ruling, but the same, with exception thereto, is urged in support of his proposition No. 3, reading: "Appellant having denied the execution of the notes under oath, the trial court erred in instructing the jury to return a verdict for appellee where the only evidence as to the execution of said notes was the uncorroborated evidence of appellee."

As pointed out in our original opinion, the witness Patterson further testified that before the notes were abstracted from his office, defendant, on several occasions, came to his office, inspected the notes and offered to settle the same by a reconveyance to the payees of the property for which the notes were given; never at any time denying his signature to the notes. And, further, that he kept all the notes in a drawer to his desk plainly in view of defendant; that he was expecting defendant back to his office on the day the notes were abstracted, for further negotiation relative to his proposed settlement of them, and that when he left his office on that occasion the drawer of his desk, in which the notes were kept, was partially open. There was no testimony or circumstance suggestive of a possible motive for any third person to carry away the notes. The judgment recites the appearance of the defendant at the trial; and his failure to take the witness stand at all and deny any of the facts testified to by Patterson, to the effect that defendant recognized as genuine his signature to the notes when he saw them in Patterson's office—to say nothing of his failure to deny that it was he who abstracted the notes from Patterson's office—was prima facie sufficient of itself to overcome defendant's plea of non est factum. 17 Tex.Jur. par. 87, page 306, and decisions there noted. At all events, that testimony of Patterson, and the inferences deducible therefrom, tended strongly to corroborate the testimony of the plaintiff that the signatures to the notes, were those of defendant. Indeed, in the absence of any contrary showing that evidence, coupled with that of plaintiff, was conclusive proof as a matter of law that defendant did execute the notes in controversy; and warranted the instructed verdict for plaintiff. It follows, therefore, that even if the opinion of Patterson that the purported signatures of defendant to the notes in controversy were the same as that to the $100 note was incompetent and therefore should be excluded from consideration on this appeal, nevertheless, appellant's proposition noted above, that there was no corroboration of plaintiff's testimony that the signatures of defendant to the notes in suit were genuine, cannot be sustained. General Motors Acceptance Corp. v. Boyd, Tex.Civ.App., 120 S.W.2d 484.

The motion for rehearing is overruled.