## CROLEY v. CREGLER.

No. 6119.

Court of Civil Appeals of Texas. Texarkana.

April 26, 1944.

Florence, Florence & Meredith, of Gilmer, for appellant.

McIntosh & Duncan and Edwin M. Fulton, all of Gilmer, for appellee.

HARVEY, Justice.

The controlling issue presented by this appeal is whether or not the causes of action sued upon by Mrs. Rosa Croley, plaintiff below, appellant herein, were barred by the four-year statute of limitation. The suit was in trespass to try title, seeking the recovery of certain described tracts of land, and in the alternative asking for judgment on a series of vendor's lien notes, with a foreclosure of the lien securing such notes. Upon a trial before the court, without a jury, judgment was rendered that the plaintiff take nothing by reason of her suit, from which action of the trial court this appeal is prosecuted.

On October 6, 1923, J. W. Croley, deceased husband of Rosa Croley, appellant, joined by his wife, deeded two certain tracts of land in Upshur County, Texas, to J. C. Cregler for a recited cash consideration of $300 and the sum of $2700 evidenced by seven vendor's lien notes. Note No. 1 for $1250 was transferred by Croley to the Federal Land Bank and is not involved in this suit. Notes Nos. 2, 3, 4, 5, and 6 for $250 each, and due, each, respectively, on October 1, 1924, 1925, 1926, 1927, and 1928, and Note No. 7 in the sum of $200 was due October 1, 1929. The deed itself does not contain an accelerated maturity clause in the event of failure to pay any note when due, but each of the notes has the following provision in it: "If failure is made in the payment of this note at maturity, as herein stipulated, such failure shall operate to mature at the date of such default either or all of the said notes that may be unpaid at that time and the vendor's lien retained against said real estate may at any time thereafter be foreclosed."

On January 7, 1931, J. C. Cregler and J. W. Croley entered into a contract extending the time for payment of the notes Nos. 2 to 7, inclusive, making them due October 1, 1931, 1932, 1933, 1934, 1935, and 1936, each, respectively. Such extension contract contained the following stipulation: "And I also agree to and with the said J. W. Croley that the lien given and retained to secure the payment of said notes and all the agreements and covenants therein shall remain in full force and effect."

J. W. Croley died September 13, 1929, testate, his wife, Mrs. Rosa Croley, being the sole beneficiary under his will. She qualified as independent executrix of the estate of J. W. Croley on February 29, 1940, and filed her original petition on December 18, 1940, seeking the recovery of the land, or in the alternative, a foreclosure of the six notes as herein set out. The defendant, J. C. Cregler, appellee herein, filed his second amended original answer on June 7, 1943, and pleaded the four-year statute of limitation to both counts of the plaintiff's original petition. Thereafter, on September 25, 1943, the plaintiff filed her first amended original petition in the suit, setting up substantially the same grounds of recovery as contained in the original petition. No answer was filed by the defendant to this first amended original petition.

Appellant urges the point that since no answer was filed to her first amended original petition, which superseded the original petition, the trial court was in error in holding that the causes of action sued upon were barred by the four-year statute of limitation, such a plea not being available to the defendant when not pleaded in answer to the first amended original petition. The original petition is in the transcript and also the first amended original petition. The first amended original petition does not state a new cause of action, but declares upon the same two counts as alleged in the original petition. This being the case, we do not think it was necessary to file a plea of limitation to the first amended original petition. If the cause of action had been changed by the amended petition so as to constitute a new basis of recovery, the rule would be different. 28 Tex.Jur. 210 upon this point has the following statement:

"A host of decisions lays down the rule that an amendment to a petition which sets up no new cause of action or claim, and makes no new demand, but simply varies or expands the allegations in support of the cause of action already propounded, relates back to the commencement of the action, and running of the statute against a claim so pleaded at that point.

"And an equally impressive array of cases announces the converse of this rule,

that an amendment which introduces a new or different cause of action, and makes a new or different demand not before introduced or made in the opening suit, does not relate back to the beginning of the action so as to stop the running of the statute, but is equivalent to a fresh suit upon a new cause of action, against which the statute continues to run until the amendment is filed."

If the amendment to a petition setting up no new cause of action relates back to the filing of the original petition and limitation starts running from such date of filing, then it is logical that no additional pleading of the statute of limitation to the amendment of the original petition should be required. It is not the intent of the law to require the doing of an unnecessary or pointless act in the disposition of business before the courts. Rule 65, Texas Rules of Civil Procedure, providing that an abandoned pleading shall not be regarded as a part of the pleading in the record of the case, permits the court to look to the superseded pleading upon a question of limitation.

■ The trial court in his findings of fact found that default was made in the payment of note No. 2, under the extension agreement, on October 1, 1931, and that under the acceleration clause in the notes all the notes became due and payable at that date, limitation started running as of that date, and that the notes were barred under the four-year statute of limitation. Article 5520, Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. art. 5520, provides that where a series of notes is given or any note is made payable in installments, limitation shall not begin to run until the maturity date of the last note or of the last installment. However, it is a well-settled rule of law that where it is stipulated in a series of notes that failure to pay any one of the notes when due all the notes in the series shall become due, limitation starts running from the time of such default in payment of any note when due. If the owner or holder of the notes is given an option to declare the entire series of notes due upon default in payment of any one of them when due, then limitation begins to

run as of the date of the exercise of the option by the holder of the notes. 6 Tex. Jur. 685; Harrison Mach. Works v. Reigor, 64 Tex. 89; Wells v. Smith, Tex.Civ.App., 144 S.W.2d 430.

■■ As hereinabove noted, each one of the series of notes in this case contains the provision, "If failure is made in the payment of this note at maturity, as herein stipulated, such failure shall operate to mature at the date of such default either or all of the said notes that may be unpaid at that time and thereafter be foreclosed." The construction of the phrase "either or all" is determinative of the proper judgment to be entered in this suit. If the expression merely gives to the holder of the notes an option to declare all of them due upon default in payment of any one of them at maturity, then limitation has not operated to bar the notes. On the other hand, if no such option is created by the wording indicated, upon default in payment of note No. 2 on October 1, 1931, as a matter of law the notes became due at that time and limitation commenced to run against the causes of action asserted by the holder of the notes. We take the view that under the evident meaning of the words used, no option was given to the holder of the notes. In substance the phrase means that upon default in the payment of any one of the notes when due, such failure shall operate to mature any one or all of the notes remaining unpaid, as the case may be.

With reference to the extension agreement entered into on January 7, 1931, between the maker of the notes and the holder of such notes, the effect of such agreement was to extend the maturity date only of the notes, and did not affect any other provisions contained in the notes. On the contrary, it was expressly provided in the extension agreement "that the lien given and retained to secure the payment of said notes and all the agreements and covenants therein, shall remain in full force and effect."

There being no error presented on this appeal, the judgment of the trial court is in all things affirmed.