Lee PHILLIPS, Appellant,

v.

Ermon ARNOLD et ux., Appellees.

No. 3695.

Court of Civil Appeals of Texas.

Waco.

Nov. 12, 1959.

Rehearing Denied Dec. 2, 1959.

Robert D. Peterson, Reagan & Welch, Marlin, for appellant.

Robert G. Carter, Marlin, for appellees.

WILSON, Justice.

Appellant's suit against appellees alleged default by the latter in payment of the purchase price under an executory contract to convey realty, designated as lot 3A, asserting rescission. Alternatively, judgment was sought for the balance due on a note for $1,350 and foreclosure of liens on lot 6A and lot 3A, securing payment of the note. This is a jury case.

At the conclusion of the evidence, the court sustained appellees' motion to require appellant to elect between the inconsistent remedies of rescission as to the contract of sale, and the action for debt and foreclosure. Appellant thereupon made involuntary election of the latter remedy. More than four years had elapsed between the maturity of the final installment on the note and institution of suit. In answer to appellee's plea of limitation, appellant pleaded that before the note was barred, appellee promised to pay the balance due on the note if appellant would not bring suit therefor. The only presently material issue submitted to the jury embraced this alleged promise. The jury found, in effect, the promise was not made. The contention that this finding is contrary to the weight and preponderance of the evidence is overruled. Judgment for appellee was rendered on the verdict.

The most serious contention of appellant is that it was error to require him to elect before verdict, thereby requiring abandonment of his action for rescission under which he sought to have the contract of sale declared terminated. His position is that since appellee failed to pay the purchase price on the contract to convey lot 3A; and since the mechanic's lien covered lot 6A as well as lot 3A, the two remedies were not wholly inconsistent. He says he was at least entitled to pursue to judgment his action for that portion of the improvement debt allocable to improvements under

the mechanic's lien contract on lot 6A, with foreclosure; and that at the same time he was entitled to seek rescission of the contract of sale as to lot 3A. By requiring election, he asserts the court improperly precluded concurrent remedies.

Epitome of the evidence is that Arnold executed a contract to purchase lot 3A from Phillips in 1946 for $360, payable in semi-annual installments. On February 20, 1950, Arnold owed a balance of principal and interest under this contract of $225, having made irregular and intermittent payments. On this date the $225 balance was merged in Arnold's annual installment note to Phillips for $1,350, of which $1,125 represented cost of improvements constructed on both lots 3A and 6A. Although record title to lot 3A remained in Phillips, Arnold executed a mechanic's lien on both lots to secure payment of the new note. A deed of trust executed contemporaneously, recited the $1,350 note was executed in renewal, rearrangement and extension of existing indebtedness. During the next eight years Arnold made payments on this note in varying amounts at irregular intervals, none of which met the installment payment requirements to which Phillips was entitled under its terms. The last payment made was accepted by Phillips June 11, 1958, about seven months before suit was filed on the note. Appellant pleads, and the evidence admittedly establishes that the total amount paid by Arnold

to Phillips during the eight years following execution of the note, was in excess of the principal and interest due under the original contract of sale, and exceeded the $225 balance due thereunder which was included in the $1,350 note.

Under these facts, assuming—without deciding or suggesting—that appellant would not otherwise be required to elect before going to the jury,[1] no reversible error is reflected by the court's ruling requiring election. By applying Arnold's payments made before rescission was asserted to the amount due under the contract of sale, payments required thereunder were completed and that debt was fully discharged. Union Cent. Life Ins. Co. v. Austin, Tex. Civ.App., 52 S.W.2d 536, writ refused. The suit on the note, more than four years past due, therefore, was the only cause of action existing under the undisputed evidence.

Appellant's original petition did not seek rescission. Not until his second amended pleading, and after he was met by a plea of limitation in the action on the note, did he ask for cancellation of the contract of sale on lot 3A. The trial court would have been justified, we think, in concluding as a matter of law that by merging the balance of the purchase price on lot 3A in the new note after Arnold had been continuously delinquent in installment payments; by continuing to accept numerous delinquent payments on the note after valu-

1. For such assistance as it may be in research, the question as to the stage at which an election may be required, if the remedies are inconsistent, appears to be unsettled. See: Commercial Music Co. v. Klag, Tex.Civ.App., 288 S.W.2d 168, 170, no writ hist. (discretionary); Karlen v. El Jardin Immigration Co., Tex.Civ. App., 277 S.W. 173, writ dism. w. o. j. (at conclusion of evidence); Wood v. Williams, Tex.Civ.App., 46 S.W.2d 332, writ dism. (after verdict); Wells v. Smith, Tex.Civ.App., 144 S.W.2d 430, 433, writ dism. c. j. (before trial); Wiedeman v. Investors Syndicate, Tex.Civ.App., 103 S.W.2d 1069, no writ hist.; Leach v. Reserve Realty Co., Tex.Civ.App., 70 S.W. 2d 273, writ ref., (before trial); Trinity-Universal Ins. Co. v. Maxwell, Tex.Civ. App., 101 S.W.2d 606, 612, writ dism., ("not * * * until a full hearing was had"); cf. Coon v. Ewing, Tex.Civ.App., 275 S.W. 481, 487, writ dism. w. o. j. ("may go to the * * * jury"); Vackar v. Gulf Production Co., Tex.Civ.App., 113 S.W.2d 686, 688, no rehearing; Roth v. Connor, Tex.Civ.App., 25 S.W.2d 246, no rehearing; Gustafson v. American Land Co., Tex.Civ.App., 234 S.W. 244 (must "finally" elect), affirmed Tex.Com. App., 249 S.W. 189; Manning v. Christian, 124 Tex. 517, 81 S.W.2d 54; 14 Tex.L.Rev. 116; 43–A Tex.Jur. 510, Sec. 469; Rules 47, 48, 279 Texas Rules of Civil Procedure; 71 C.J.S. Pleading § 483, p. 998, § 490, p. 1005; 41 Am.Jur. 534, Sec. 357.

able improvements were made on the land, and for nine years thereafter until Arnold's payments aggregated $985; and by failing to give notice of rescission until the amended pleading was filed, Phillips had abandoned or waived any right to rescind the contract of sale. Young v. Fitts, 138 Tex. 136, 157 S.W.2d 873, 876; Walls v. Cruse, Tex.Com.App., 235 S.W. 199, 201 (adopted); Moore v. Giesecke, 76 Tex. 543, 13 S.W. 290; Hall v. Dallas Joint-Stock Land Bank, Tex.Civ.App., 95 S.W.2d 200, writ ref. The point is overruled.

■ Complaint is made that the court should have allowed appellant more than one week after his original counsel withdrew as attorney of record, in which to prepare for trial. Trial counsel were present when the case was set for trial one week thereafter, made no objection to the setting, announced ready when the case was called for trial, filed no motion for continuance nor objected to proceeding. The point was first suggested on motion for new trial. No error is shown. McCoy's Heirs v. Jones, 9 Tex. 363, 366; Rule 251, Texas Rules of Civ.Proc.; 3 Tex.Jur.2nd 686, Sec. 433.

Other points have been carefully considered and are overruled. Affirmed.