## GENERAL MOTORS ACCEPTANCE CORPORATION v. BOYD.

### No. 13789.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 16, 1938.

Rehearing Denied Oct. 21, 1938.

486

Henry P. Edwards, of Dallas, for appellant.

W. C. Boyd, Fred H. Minor, and L. L. Davis, all of Denton, for appellee.

SPEER, Justice.

On October 23rd, 1928, B. W. Boyd instituted suit in the County Court of Denton County, Texas, against Thurman A. Pierce and General Motors Acceptance Corporation, alleging that Pierce had executed and delivered to plaintiff a note dated October 23rd, 1926, for the sum of Five Hundred Dollars, due November 1st, 1926, bearing interest from its date at the rate of ten per cent per annum, and providing for ten per cent additional as attorney's fees, if placed in the hands of an attorney for collection, and that the note bore a credit of $20 as of November 1st, 1926. Allegations were also made that on the same day the note was executed, Pierce made, executed and delivered to plaintiff a chattel mortgage lien on a certain 1926 Model Chevrolet Coach automobile, then located in La Gear's garage at Sanger, Texas, to secure the debt sued on. That the chattel mortgage was in writing and forthwith filed for record in the County Clerk's office of Denton County.

Relating to plaintiff's cause of action against General Motors Acceptance Corporation, plaintiff alleged that on or about the 15th day of December, 1926, "the defendant; General Motors Acceptance Corporation unlawfully and wrongfully took possession of said above described automobile at Sanger, in Denton County, Texas, and unlawfully and wrongfully converted the same to its own use and benefit." Allegations were made as to the value of the automobile at the time conversion was made, and prayer for judgment against Pierce for debt, interest and attorney's fees, and for a foreclosure of the chattel mortgage lien, and against defendant, General Motors Acceptance Corporation, for $500, the alleged value of the car, together with legal interest thereon at six per cent per annum from the date of the conversion.

For convenience, we shall refer to B. W. Boyd as plaintiff, and to Thurman A. Pierce as "Pierce", and to General Motors Acceptance Corporation as GMAC.

The record shows service of process in regular form. Within the time prescribed by law, GMAC filed its plea of privilege, asking that the cause be transferred to Dallas County, the place of its domicile. Plaintiff timely filed his controverting affidavit, in which he again alleged the execution and delivery to him of the note and chattel mortgage lien by Pierce, that he was the owner of both, that the note was long since past due, except for the $20 credit mentioned in his original petition; he there alleged as specific grounds' for venue in Denton County, Texas, the taking into its possession by GMAC on December 15th, 1926, of the automobile upon which he had the chattel mortgage lien, using the same language in which conversion was charged as that used in the original petition, and further attached to his controverting plea a copy of his petition, making it a part of the plea.. No formal notice of a setting for hearing the plea of privilege was issued and served on GMAC, but it waived notice, and the agreements between counsel as to the hearing thereon, and the subsequent postponement of the hearing for about eight years, has given rise to the principal issues before us.

On the date of filing the plea of privilege, subject to its plea and without waiving its rights thereunder, GMAC filed a general demurrer and general denial in answer to plaintiff's alleged cause of action against it.

On July 21st, 1937, a hearing on the plea of privilege was set down for trial by the court. No additional pleadings were filed by either party, and the judgment of the court recites that both plaintiff and defendant GMAC appeared and announced ready for trial on the plea of privilege, and that GMAC demanded a jury trial upon the fact issues raised in the plea of privilege and the controverting affidavit, and further recites, "Whereupon it was agreed between said parties, acting by their respective attorneys, to hear said plea of privilege without prejudice to the rights of either party, together with a hearing on the case upon its merits."

It further appears from the judgment that under the agreement of counsel, both parties announced ready for trial. Pierce did not appear, but made default, and judgment was rendered for plaintiff against him for the debt and a foreclosure of the chattel mortgage lien. There is no controversy in this appeal as to the judgment against Pierce, except one raised by GMAC, which we shall discuss later.

Three special issues were submitted to the jury for answers. The issues and their answers were: (1) General Motors Acceptance Corporation removed the automobile in question from the La Gear Garage, at Sanger, in Denton County, Texas. (2) The removal of the automobile by GMAC occurred on December 15th, 1926, and, (3) The value of the automobile at Sanger, Texas, at the time it was taken by GMAC was $450.

Upon the verdict of the jury, the court overruled the plea of privilege and rendered judgment for plaintiff against Pierce, as above stated, and against GMAC for $450, with interest thereon at six per cent per annum from December 15th, 1926, to the date of the judgment.

GMAC timely presented its motion for new trial, which being by the court overruled, this appeal was perfected, and is before us for review.

Under its assignments of error, GMAC presents propositions embracing the following points upon which it contends the judgment of the trial court should be reversed: (1) By the delay of about eight years in having the plea of privilege disposed of, plaintiff abandoned and waived his right to contest the plea. (2) The controverting affidavit, as well as the original petition, were insufficient in that all grounds of recovery by plaintiff were based on conclusions of the pleader, and the petition was subject to the general demurrer presented and overruled, when the case was called for trial on its merits. (3) The petition was further subject to general demurrer, because there was no allegation of ownership of the automobile in Pierce at the time he executed to plaintiff the chattel mortgage lien; and no judgment should have been rendered against GMAC in the absence of a jury finding that Pierce was the owner of the car at said time. (4) It was error for the court to enter judgment for plaintiff without procuring by special issue an affirmative answer to the effect that the note sued on existed in the amount and conditioned as plead by plaintiff; since the note was not offered in evidence and its contents were only testified to by plaintiff. And, (5) The court should not have entered judgment for plaintiff for interest on the amount of the value of the car for all time, since the date of the conversion, because the delay was occasioned by the laches of plaintiff.

We have carefully studied each of the assignments of error and, in view of the record before us, we find no merit in either, requiring a reversal of the judgment rendered.

The first proposition in which waiver of venue is claimed, is treated by GMAC as if plaintiff had abandoned his contention by the delay in having the cause called for trial. That is, the seven or eight years intervening between the time of filing the plea of privilege and the time of its disposition were such as to amount to an abandonment of plaintiff's claim of venue in Denton County. The following authorities are relied upon: Flanagan v. Smith, 21 Tex. 493; Crosby v. Di Palma, Tex.Civ. App., 141 S.W. 321; Latta v. Wiley, Tex. Civ.App., 92 S.W. 433; Brooks Supply Co. v. Hardee, Tex.Civ.App., 32 S.W.2d 384; Trahan v. Roberts, Tex.Civ.App., 48 S. W.2d 503; Carr v. Cleveland, Tex.Civ. App., 86 S.W.2d 858. We have read these cases and find they are easily distinguishable from the one before us in several particulars. None of them involved pleas of privilege, except Brooks Supply Co. v. Hardee, supra, and there, a plea of privilege was sustained and plaintiff waited six years to have the cause transferred, then did so and took judgment in the new jurisdiction without the knowledge of defendant; in an action to review the judgment, a plea of abandonment of the original suit was presented and supported by testimony. The delays in the other cited cases were not shown to be by agreement of parties or counsel and a plea of abandonment being urged by defendants when plaintiff sought to bring his case to trial, was found to be supported by the facts.

■ R.C.S. Art. 2008 prescribes the procedure to be followed when a plea of privilege and controverting affidavit have been filed; the court shall set a date for hearing the issue made by these pleas and the parties shall have notice of such setting; in this case GMAC waived the notice; the statute provides also that the parties may agree upon a date for such hear-

ing. Of course, such agreements must have the sanction and approval of the court.

■ Delaying the trial of a civil case for the length of time shown in this case certainly is not in keeping with the spirit of our jurisprudence, but where it is agreeable to the parties, we can see no reason why a court should complain, or force an earlier disposition of it, unless the delay hampered the administration of justice to persons other than those litigants; such does not appear in this record. The testimony, as disclosed by the statement of facts, shows plaintiff (who is now Judge of the 16th District Court of Denton County) went to Dallas and talked with counsel for GMAC about a hearing on the plea and controverting answer. He testified: "He said (meaning counsel for GMAC), 'I don't want to come to Denton on the plea of privilege one day and the trial the next day.' He said, 'Will you agree that we pass the plea of privilege and your controverting affidavit until the case is tried on its merits, and we will try it all at one time?' And I said, 'I will be glad to do that,' and it has been passed with that understanding ever since. I was mailing him a copy of the controverting affidavit to the plea of privilege without changing notice as to the time it was set, but in accordance with our agreement, wrote, 'that he need not come on that day, it wouldn't be heard, but to pass it until it was mutually satisfactory to both of us.'" Counsel for GMAC, with whom Judge Boyd said he had the agreements above detailed, testified as a witness in the case, and made no denial of any part of those things above set out about passing the case, and there is nothing in the record to indicate such agreements did not take place. The trial court seems to have transferred the case to what he called a "dormant docket." Since there is no such docket known to our procedure, we may safely imagine the leaf of the docket containing this case was transferred to another binder with cases awaiting call for disposition. Regardless of the mechanics involved, it is clear that the court consented to and acquiesced in the agreement reached by the parties.

■ There is a further reason why we think GMAC cannot sustain its contention that plaintiff had, as a matter of law, abandoned his controverting plea. When the case came on for trial, GMAC made no objection to a trial of the venue issue, but appeared and requested that the issue be heard with the case upon its merits before a jury. No plea of abandonment, nor a charge of negligence upon the part of plaintiff resulting in hurt to it, were presented, but as shown, the issue was joined and tried out upon the facts. Whether or not under the facts of this case the plaintiff negligently had delayed the trial on the matter of venue for such an unreasonable length of time as to amount to an abandonment of his controverting plea, was one of fact, and if GMAC desired to avail itself of such, it should have interposed that as a defense, but this was not done. By strong analogy this principle is approved in Latta v. Wiley, Tex.Civ.App., 92 S.W. 433, writ of error refused. That case involved the rights of a purchaser of real estate pendente lite, and the trial was postponed several years; when finally disposed of, the interest of the purchaser was affected. The court said [page 437]: "Upon the whole, the doctrine seems to be that the delay which may relieve a purchaser from the rule of lis pendens must proceed from gross negligence, or in other words, be inexcusable; and, like all questions of negligence, is ordinarily one of fact and not of law. Jones v. Robb [35 Tex.Civ.App. 263] 80 S.W. 395; Tinsley v. Rice [105 Ga. 285] 31 S.E. 174."

■ We may yet safely go farther and say that even if GMAC had plead waiver and abandonment by plaintiff of his controverting plea, and if we could assume there was sufficient testimony to authorize the submission of an issue of that fact to the jury, still the contention would have to be overruled because no special issue on the point was presented and requested by it, but was waived. Gulf C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183.

■ By the second proposition, it is contended that the allegations of plaintiff's controverting affidavit charging a conversion by GMAC of the automobile were mere conclusions of the pleader and were insufficient to specifically point out an exception to the rule of exclusive venue under Article 1995, R.C.S., and for that reason its plea of privilege should have been sustained. In another part of this opinion we have quoted the allegations referred to. There, it appears plaintiff alleged GMAC unlawfully and wrongfully took possession

of the automobile upon which he held a valid chattel mortgage lien, and that GMAC unlawfully and wrongfully, on about the date shown, converted same to its own use and benefit. No objection by way of general or special demurrers was made to the sufficiency of the controverting affidavit. It is difficult if not impossible to lay down a rule applicable to all cases in such matters of pleading as raised here. But the general rule, as applicable to the case before us, is stated in 33 Tex. Jur. p. 557, sect. 123, to be: "Where the pleader has stated facts as premises for a conclusion thereafter drawn by him, it is obvious that the correctness of the conclusion depends on whether it is the only conclusion that may logically be drawn."

■ True, the controverting affidavit charged that GMAC wrongfully and unlawfully converted the automobile to its own use and benefit, but this allegation followed the remaining one wherein it was stated GMAC unlawfully and wrongfully took possession of the automobile and removed it from the La Gear garage at Sanger, in Denton County, Texas. A special exception to the allegations that the taking into its possession was unlawful and wrongful may have required the further explanatory allegation of facts showing in what way the taking was wrongful and unlawful. No such exception was presented, however. The word "conversion" in law seems to have a very well defined meaning. In 42 Tex.Jur., p. 507, sect. 2, it is said: " 'Conversion' is the unlawful and wrongful exercise of dominion, ownership, or control by one person over the property of another, to the exclusion of the exercise of the same rights by the owner, either permanently or for an indefinite time * * *." Yet we think the allegations in the controverting plea, as well also in the original petition, were ample as against a general demurrer.

■ It is needless to here cite authorities supporting the universally recognized rule in this state that, as against a general demurrer, the pleadings must be construed most favorably to the pleader and be given every legal intendment of the pleader, as reasonably disclosed by its contents. On this point it was said, in Garza v. Kenedy, Tex.Com.App., 299 S.W. 231, 233: "In testing the sufficiency of a petition by general demurrer, much liberality is indulged by the courts, even though much of the pleading is made up of what is generally termed 'conclusions of the pleader,' drawn from the facts not revealed. Yet, such a defect in pleading can only be reached by special demurrer against that defect and cannot be reached by general demurrer." The above rule has been followed by this court, in United Appliance Corp. v. Boyd, 108 S.W.2d 760.

There is an assignment of error to the court's action in overruling GMAC's general demurrer to the petition when it came on for trial upon the merits. In this we think no error is shown. A very similar allegation to the one in the instant case was considered by the court in Bryden v. Croft, Tex.Civ.App., 46 S.W. 853. There it was held the allegation [page 854]: " * * * that on divers dates between the 17th day of September, 1895, and the 10th day of February, 1896, said defendants did wrongfully take from the said estate of Hugh McIntyre, the following property, which at said time did belong to and was owned by said estate * * * ;" was good, as against both general and special exceptions.

■ There are two other propositions presented, which go to the sufficiency of the petition. They are in effect, (a) The petition was subject to general demurrer because it nowhere specifically alleged that Pierce was the owner of the automobile at the time he gave the chattel mortgage, and naturally the validity of plaintiff's lien depended upon Pierce's ownership. (b) Since the petition did not show ownership in Pierce, plaintiff did not plead a cause of action, and no judgment could or should have been entered against GMAC.

The petition alleged the execution by Pierce of the mortgage, which was shown to be in writing, duly acknowledged and forthwith filed for registration in Denton County, Texas, followed by the allegation that, "Said mortgage was then and is now and has been ever since the execution thereof a valid, subsisting lien upon said property to secure said debt." Under the rules of construction above mentioned, we think the general demurrer was properly overruled. The case of Northwestern Nat. Ins. Co. v. Woodward, 18 Tex.Civ.App. 496, 45 S.W. 185, writ of error refused, was one for recovery on a fire insurance policy. The petition did not allege ownership of the burned building at the time of the loss. It was there held that the petition was not for that reason subject to the general demurrer. In that case, as in

this, there were other allegations from which ownership could be fairly inferred. The further observation is made in the case cited to the effect that a defective statement made in a pleading which is amendable is not subject to a general demurrer, but can only be raised by special exception, pointing out the specific matter complained of. The allegations made in the instant case that the chattel mortgage was at the time of its execution and at all times since a valid and subsisting lien on the automobile, carries with it everything, including ownership in Pierce, necessary to its validity. The above case has been cited with approval many times, and we mention only two late ones here. Millers' Indemnity Underwriters v. Boudreaux, Tex.Civ.App., 245 S.W. 1025, affirmed by Supreme Court in 261 S.W. 137; Homestead Fire Ins. Co. v. Simpson, Tex. Civ.App., 91 S.W.2d 960, writ denied.

 The petition being sufficient as against a general demurrer, it must follow that if the uncontroverted testimony adduced thereunder supports the judgment, there was no error in its rendition. There is a stipulation in the statement of facts which reads: "It is agreed between the plaintiff and defendant, General Motors Acceptance Corporation, that Thurman Pierce had but one automobile in the La Gear Garage during the Fall of 1926, or at any date prior or subsequent thereto." The witness, J. M. Koons, testified that he had caused an attachment to be levied upon the Pierce car in La Gear's garage at Sanger, and a representative of GMAC paid him his claim and he ordered the constable to release the car to General Motors Acceptance Corporation. E. L. La Gear testified he operated the garage at Sanger, Texas, and recalled the circumstance of the Thurman Pierce car being at his place about two months; he said General Motors Acceptance Corporation took the automobile from his place. None of these things were denied by any witness, and we think the stipulation and testimony offered sufficient to establish the ownership of the car in Pierce, at the time the mortgage was executed.

An assignment of error and propositions thereunder present as error the action of the court in rendering judgment against Pierce, as a basis for judgment against GMAC, upon the testimony of plaintiff alone, without first submitting to the jury the issue of whether or not Pierce was indebted to plaintiff.

This assignment has caused us much study of the decisions rendered by the courts of this State, upon the subject. We find, in some instances, very definite pronouncements of the rules applicable, but upon close reading we find they often are dependent upon the facts and circumstances in each case. The case of Thraves v. Hooser, Tex.Com.App., 44 S.W.2d 916, seems to be the leading case on the subject up to that time. There it was said [page 921]: "The rule is now well settled in this state by the decisions of the Supreme Court that when a jury has been selected for the purpose of trying out the facts of a case, it matters not how positive and uncontradicted the testimony of an interested party may be; the question of his credibility must be submitted to the jury." This statement is followed by the citation of many authorities. If the decision had stopped there, we could well assume that all previous rules announced to the contrary were overruled; but, the opinion continues in this language: "In some cases, it has been held that if the evidence establishes a fact to that degree of conclusiveness which precludes a reasonable doubt to the contrary, that there must be no room for fair and reasonable minds to reach different conclusions from the evidence, a peremptory instruction would be justified. Grand Fraternity v. Melton, 102 Tex. 399, 117 S.W. 788; Felts v. Bell County, 103 Tex. 616, 132 S.W. 123."

We do not think it was intended by the language used in the quoted opinion that any fact issue testified to by an interested party should, for that reason alone, be submitted to the jury, but rather say, if the testimony of an interested party is uncorroborated by material facts and circumstances, and the issue is dependent upon his testimony alone, then the credibility of his testimony must be submitted to the jury.

Upon the trial of the instant case, the plaintiff testified that he instituted the suit on a promissory note and mortgage lien, both in writing, but that since the institution of the suit he had lost the note. He testified to facts which would authorize the introduction of secondary evidence, as to the execution and delivery by Pierce to him of the note. He also introduced in evidence the chattel mortgage given simultaneously with the note as security therefor. In the written mortgage was a description of the note, about which plaintiff testified; that part of the instrument

reads: "To secure the payment of my indebtedness to said B. W. Boyd, the same being evidenced by one note made by Thurman Pierce, dated October 23rd, 1926, and described as follows: In the principal sum of Five Hundred Dollars, due November 1st, 1926, bearing interest from date until paid at the rate of ten per cent. per annum and providing for attorney's fees if sued upon." The plaintiff testified further that the debt was still unpaid except for $20.

By the introduction in evidence of the chattel mortgage containing the description of the note sued on, the oral testimony of plaintiff was fully corroborated, except insofar as he stated the debt was still unpaid. We shall presently notice the exception. We think when the testimony of an interested party stands uncontradicted, and there are no circumstances which reflect upon its verity, and there is nothing in the case to cause reasonable minds to doubt the truth of facts stated, and if the testimony of such interested party is corroborated by other substantial testimony, the reason for the rule requiring the submission of the credibility of the witness to the jury is removed. Such cases do not fall within the rule.

The case of Simmonds v. St. Louis B. & M. Ry. Co., 127 Tex. 23, 91 S.W.2d 332, supports the reasoning adopted above. After stating the general rule in very similar language to that used in the Thraves v. Hooser Case, supra, it is, we think, significantly said [page 334]: "Stated in another form, the rule is that the uncontradicted, *uncorroborated* testimony of a party to a suit will not authorize or support an instructed verdict." (Italics ours). The plaintiff, who is appellee here, contends that because his testimony was corroborated by the chattel mortgage in evidence, the rule contended for by GMAC is not applicable; we believe the plaintiff is correct, and that GMAC is wrong.

As stated above, plaintiff testified that the debt of Pierce was unpaid; this, of course, was essential to his right to recover judgment on the note. This part of the testimony was not corroborated. There was no plea of payment filed by either defendant. R.C.S., Art. 2014, provides that before payment shall be relied upon as a defense to an action for debt, it shall be specifically plead in the case; the rule laid down by the statute prescribes the particularity with which such a plea must be made. In the absence of such plea, no issue is made or can be made, and consequently it would have been improper for the court to submit an issue to the jury to ascertain if payment had been made, simply because plaintiff alone testified the debt was unpaid.

The remaining assignment complains that interest was charged on the value of the automobile from and after its conversion. If we are right in our theory of this case, there can be no error in this, since that is the recognized rule for the assessment of damages in conversion cases.

We have carefully studied every phase of all assignments of error presented, and for the reasons herein shown, they are all overruled and the judgment of the trial court is affirmed.