**BURTON MILL & CABINET WORKS, INC., et al., Appellants,**

v.

**H. H. TRUEMPER, Appellee.**

**No. 4673.**

Court of Civil Appeals of Texas.

Waco.

Dec. 21, 1967.

Rehearing Denied Jan. 11, 1968.

Charles W. Grantham, Jr., Grand Prairie, for appellants.

Dalton, Moore, Forde & Joiner, Sam S. Stollenwerck, Dallas, for appellee.

## OPINION

WILSON, Justice.

Plaintiff brought this action as a judgment creditor against corporate stockholders, alleging they had dealt with corporate assets for their own benefit in violation of their fiduciary relationship so as to deprive him of his rights as a creditor. He recovered judgment on a jury verdict.

Defendants Marvin and Mabel Burton were husband and wife. Subsequent to the events to be narrated, they were divorced, Mrs. Burton remarried, and Mr. Burton died.

In January, 1960 the Burtons were the sole stockholders of Burton Mill & Cabinet Works, Inc., a Texas corporation. On that date they sold the stock and assets to A. W. Schroeder, transferring 180 shares of stock directly to Schroeder and the remaining 120 shares to the corporation, receiving therefor notes for $55,000 secured by deed of trust and chattel mortgage liens on realty and the other corporate assets. Marvin Burton became and continued to be a director of the corporation. Mrs. Burton resigned as director.

In April, 1960 the corporation purchased merchandise from plaintiff for which they executed a note.

In March, 1961 the Burtons foreclosed their liens, becoming purchasers at trustees' sales of the land and improvements for $3,000 and of the personalty for $2,000. These properties they then conveyed to another corporation.

Plaintiff obtained an unsatisfied judgment against Burton Mill & Cabinet Works, Inc., in 1962 on the note given him for merchandise, filing the present suit in June, 1963.

Appellant Stahnke (Mrs. Burton) complains that there was no jury finding as to her status or relationship with the corporation which authorized judgment against her, and the undisputed evidence shows she resigned as a director at the time the corporate stock was transferred. Her argument is that the only basis for her liability would be Art. 2.41, Subd. A(2) of the Texas Business Corporation Act, V.A.T.S., imposing liability on directors who assent to purchase of the corporation's own shares by the corporation contrary to provisions of the Act; and that such purchase could be contrary only to Art. 2.03, Subd. C of the Act, which provides a corporation "may purchase its own shares to the extent of unrestricted earned surplus available therefor * * *."

Plaintiff's pleading asserted the Burtons were trustees of the corporate assets for the benefit of creditors of the corporation, and breached their trust by assuming an inconsistent position under which they could, by manipulating the stock, acquire all corporate assets so as to defeat creditors of the corporation.

■ Although Mrs. Burton resigned as a director at the time her stock was transferred, she acted as a director and stockholder in effecting the transfer. The fact that she relinquished her share in the nominal control of the corporation did not relieve her of liability for rendering the corporation unable to pay its debts by encumbering its assets to secure a purchase of her stock. By denuding the corporation of its assets they divested it of any source from which plaintiff and other corporate creditors could collect their claims.

In World Broadcasting System, Inc. v. Bass, 160 Tex. 261, 328 S.W.2d 863, the sole stockholders in a similar manner sold their stock and the corporate assets in return for a note secured by a chattel mortgage on the corporate assets. The Supreme Court said:

"The corporation was stripped of its property as completely and effectively as if it had been dissolved and its assets appropriated by respondents."

It was held that the stockholders "thereby became personally liable" for the outstanding debts to the extent of the corporate assets "so appropriated by them." (p. 866) A like holding was made as to stockholders in A. R. Clark Investment Company v. Green (Tex.Sup.1964), 375 S.W.2d 425, 437.

■ Mrs. Burton's liability is not restricted to the statutory basis, nor to her status as a director. Thus the amount of her liability is not limited to the amount paid for the stock in excess of earned surplus, as she contends. Since the facts are undisputed, no special jury finding as to her status or relationship was necessary.

■ Appellants say plaintiff failed to establish their lack of good faith. If this had been an element of recovery, the burden would have been on defendants to show fairness in their dealings with the corporation. Popperman v. Rest Haven Cemetery, Inc., 162 Tex. 255, 345 S.W.2d 715; International Bankers Life Insurance Company v. Holloway (Tex.Sup.1963), 368 S.W.2d 567.

It is urged plaintiff's cause of action is barred by the two-year statute of limitation, Art. 5526, V.A.T.S., as an action for damages. Plaintiff says his suit is to establish a trust on realty, and to apply the property or its value to satisfaction of his judgment; and that it is governed by the four-year statute, Art. 5529 as being an action "for which no limitation is otherwise prescribed."

**828**

Plaintiff's allegations are epitomized above, in part. It was pleaded that defendants entered into an agreement to manipulate the stock and make disposition of the corporate assets so as to hinder, delay and defraud creditors; that the transactions summarized were consummated when the corporation had no board of directors capable of exercising independent judgment, and the liens were created by defendants in violation of their fiduciary position as trustees of the assets; that after purchase by the Burtons at trustee's sale, the assets were sold by them to another corporation organized by them, Burton Maid Kitchens, Inc., to the end creditors should be defrauded and their claims defeated, all in violation of their fiduciary relationship. The prayer was for recovery in the amount of plaintiff's judgment; for an accounting, "that defendants be charged as trustees"; that the transfers be held for naught as to defendants; that a receiver be appointed; that the assets be subjected to plaintiff's claim, and for general legal and equitable relief.

The suit was filed June 14, 1963. The jury answered "no" to a special issue inquiring whether plaintiff discovered, or through reasonable diligence should have discovered on or before June 14, 1961 the sale of stock by the Burtons. There is no showing to the contrary.

Where a fiduciary relationship, one of trust and confidence, exists, as in this case, limitation does not begin to run in favor of trustees until plaintiff has notice, or by reasonable diligence should discover repudiation of the trust. Courseview, Inc. v. Phillips Petroleum Co., 158 Tex. 397, 312 S.W.2d 197, 205. Appellants do not assail the jury finding which brings appellee's action within the rule in that case. Appellants have failed to establish the action is barred.

Error is assigned to the court's action in changing the date in a special issue inquiring whether Burton was a director at the time he purchased at the trustee's sale.

The change was made after the jury retired. The date of the trustee's sale is undisputed, as submitted in the corrected issue. The issue inquired only as to Burton's status at the time of the sale. There was no objection to the correction or to the issue as corrected. No error is reflected.

All points, including those relating to sufficiency of evidence, have been considered and are overruled.

Affirmed.