**OAK CLIFF BANK & TRUST COMPANY et al., Appellants,**

v.

**Blanche L. STEENBERGEN, Appellee.**

**No. 5265.**

Court of Civil Appeals of Texas, Waco.

June 28, 1973.

Rehearing Denied Aug. 2, 1973.

---

McCulloch, Ray, Trotti & Hemphill, Donald J. Hahn, Jr., J. Willard Gragg, Dallas, for appellants.

Pace & Chandler, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendants Oak Cliff Bank & Trust Company, Independent Executor of the Estate of Van Lamm deceased, and Y'Delle Lamm, Community survivor of Van Lamm, from judgment for plaintiff Blanche Steenbergen.

Plaintiff Steenbergen sued defendants alleging Van Lamm was her brother; that early in 1953 her husband suffered a stroke and from that time she relied on her brother Van Lamm to manage her estate and her property until his death on November 7, 1966. That in numerous instances he requested that money be given him for investment or loans to third parties, and that she placed utmost reliance in her brother. That all of the years since 1954 Lamm was authorized to sign checks on plaintiff's Rental Account, and since 1956 Lamm had a power of attorney from plaintiff. That all of this time plaintiff placed complete reliance on her brother, and from 1953 until the time of his death there were many transactions in which her brother used funds of plaintiff. Plaintiff

plead that after the death of her brother she requested an accounting from defendants, but such was refused. Plaintiff plead that Lamm was acting as constructive trustee for sums of money given to him, and was under a duty to act with complete honesty and integrity. Plaintiff plead a number of instances where her money or property was used by Lamm in which the money and/or property was never returned to her.

Plaintiff prayed for the sums of money due her or interest in properties due her from defendants, and for damages for breach by defendants and Lamm of the obligations of trustee; joint venturer, partners or attorney in fact, which upon trial may be found to have been incurred by plaintiff, which she alleges to be in the sum of $100,000, plus such other relief in law and equity, to which she might be entitled.

Defendants answered by general denial and plead the 4 year statute of limitations (among other matters).

Trial was to a jury which found:

1) Plaintiff placed funds belonging to her in the possession of Van Lamm for his management. (Issue 1)

2) Van Lamm commingled plaintiff's funds with funds in his personal or business bank accounts. (Issue 2)

3) Van Lamm was acting in a fiduciary or trust capacity in managing funds of plaintiff. (Issue 3)

4) Van Lamm and plaintiff jointly purchased two tracts of land on South Polk Street. (Issues 4 & 5)

5) Plaintiff has been paid $10,746.58 from the proceeds of the sale of the two Polk Street tracts. (Issue 6)

6) Van Lamm used $3752.14 from plaintiff's rental account to purchase property on Center Street. (Issue 7)

7) Van Lamm used $4,895.05 from plaintiff's rental account to purchase property on Center Street. (Issue 8)

8) Plaintiff received none of the proceeds of the sale of the Center Street property. (Issue 9)

9) Plaintiff conveyed the Lancaster duplex to Dan Blake for benefit of Van Lamm and received no consideration from Blake. (Issues 17, 18 & 19)

10) Van Lamm paid no money to plaintiff as a result of the conveyance of the Lancaster duplex. (Issue 20)

11) The value of the benefit to Van Lamm of the Lancaster duplex was $10,000. (Issue 21)

12) The remaining unpaid balance of the Grogan-Lamm Lumber Company note dated May 22, 1954 is $2800. (Issue 25)

13) Plaintiff loaned Van Lamm $5000. on March 9, 1955, and such has not been repaid. (Issue 26 & 27)

14) On May 9, 1956 Van Lamm drew $2000. from plaintiff's Rental Account for his own use and has not repaid plaintiff. (Issues 28 & 29)

15) On June 15, 1957 Van Lamm drew $1000. from plaintiff's Rental Account for his own use and has not repaid plaintiff. (Issues 30 & 31)

16) On August 5, 1959 plaintiff transferred $6000. of her funds to Van Lamm which has not been repaid. (Issues 32 & 33)

17) No interest was paid plaintiff for the use of her funds by Van Lamm. (Issue 34)

The trial court rendered judgment finding the Polk Street tracts were sold to W. O. Holmes for $85,643.27 and plaintiff was entitled to ¼ of such sum or $21,410.82; that plaintiff had received $10,746.58 leaving a balance due plaintiff of $10,664.24. The trial court further found plaintiff en-

titled to judgment against defendants for damages and for interest at 6% for the sums of money and value of property used by Van Lamm from the dates found by the jury as follows:

| Polk Street property | December 28, 1955 | $10,664.24 |
|---|---|---|
| Issue 7 | August 2, 1956 | 3,752.14 |
| Issue 8 | December 12, 1958 | 4,895.05 |
| Issue 21 | November 9, 1959 | 10,000.00 |
| Issue 25 | May 15, 1954 | 2,800.00 |
| Issue 27 | March 9, 1955 | 5,000.00 |
| Issue 29 | May 9, 1956 | 2,000.00 |
| Issue 31 | June 15, 1957 | 1,000.00 |
| Issue 33 | August 5, 1959 | 6,000.00 |

Such totals $46,111.43; and interest on same totals $39,171.15 to date of verdict on May 18, 1972, being total judgment for plaintiff of $85,282.58.

Defendants' appeal on 29 points which present 3 main contentions.

1) Plaintiff's cause of action is barred by the 4 year Statute of Limitations as a matter of law.

2) There is no evidence or insufficient evidence of a fiduciary relationship between plaintiff and Lamm in existence before and apart from the transactions here involved.

3) Interest on the amounts involved cannot be awarded from the dates awarded as damages.

We revert to contention 2, that there is no evidence or insufficient evidence of a fiduciary relationship between plaintiff had Lamm in existence before and apart from the transactions here involved.

Plaintiff and Van Lamm were sister and brother. Louise Lamm (niece of plaintiff and Lamm) testified Lamm told her plaintiff was interested in buying Telephone Stock and talked with him; he told her it only paid 4½% and he could do a whole lot better for her in rent property and land business and could net her 12%. J. A. Lamm (brother of plaintiff and Lamm) testified he knew of his own knowledge that Lamm was managing the estate of plaintiff. W. A. Lindsey (nephew of plaintiff and Lamm) testified Lamm told him "he handled most of the family business and that he handled all of Blanche's (plaintiff's) affairs and invested for her."

Lamm opened plaintiff's "Rental Account" in her name in 1953 at the Oak Cliff Bank and filed signature card with the bank reflecting he was authorized to check on such account, and thereafter over a period of years signed over 200 checks on the account.

On April 3, 1956 plaintiff executed to Lamm a general power of attorney for real estate transactions.

■ The jury in answer to Issue 3 found that Lamm was acting in a fiduciary or trust capacity in managing funds of plaintiff. Whether or not a fiduciary relationship exists is a question of fact. Schiller v. Elick, 150 Tex. 363, 240 S.W.2d 997. A brother and sister relationship is not intrinsically one of confidence, but under circumstances involves a confidence the abuse of which gives rise to a constructive trust, Mills v. Gray, 147 Tex. 33, 210 S.W.2d 985.

■ The law imposes a constructive trust where there is a fiduciary or confidential relationship between two parties and the party holding property or money would profit by a wrong or be unjustly enriched if he were allowed to keep the property or money. Omohundro v. Matthews, 161 Tex. 367, 341 S.W.2d 401. Moreover the law will raise a constructive trust upon breach of a confidential relationship which may exist, although such relationship may not meet the technical requirements of a partnership or joint venture. Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557. And a constructive trust is not in reality a trust but is an equitable remedy. Miller v. Huebner, Tex.Civ.App., NRE, 474 S.W.2d 587.

■ The evidence is ample to sustain the existence of a fiduciary relationship between plaintiff and Lamm before and apart from the transactions here involved.

Contention 1 asserts plaintiff's cause of action barred by the 4 year Statute of Limitations as a matter of law.

■ Where a fiduciary relationship, one of trust and confidence, exists, as in this case, limitation does not begin to run in favor of a trustee until plaintiff has notice, or by reasonable diligence should discover repudiation of the trust. The existence of a relationship of trust and confidence does not change the rule that diligence in discovering the fraud is required but does affect the application of the rule. Courseview, Inc., v. Phillips Petroleum Co., 158 Tex. 397, 312 S.W.2d 197; Burton Mill & Cabinet Works, Inc., v. Truemper, Tex. Civ.App., NRE, 422 S.W.2d 825.

Defendants requested no issues on limitation, and offered no evidence that Lamm had denied his fiduciary capacity. Under the record before us limitations may not be held to have run as a matter of law.

■■ Contention 3 asserts that interest on the amounts involved cannot be awarded as damages from the dates which the trial court made such award. The trial court awarded interest as damage from the dates of the use of the money or property by Lamm in the items found by the jury. It is true a fiduciary relationship existed between Lamm and plaintiff, but on the items which the trial court awarded interest on, the record is clear that Lamm commenced using the money or property for his own benefit on the date the trial court decreed that interest should run from. Lamm converted plaintiff's money or property to his own use on the dates in question; and the measure of damages for conversion of property is the value of the property at the date of conversion plus interest at 6% from such date. Lloyds America v. El Paso-Hudspeth Counties Road Dist. of Texas, Tex.Civ.App., Er.

Ref., 107 S.W.2d 1008; General Motors Acceptance Corp., v. Boyd, Tex.Civ.App., NWH, 120 S.W.2d 484; 36 A.L.R.2d p. 391.

Defendants contend if Lamm was a trustee he had no duty to account, thus interest could not run until repudiation of the trust, or that if interest did run then limitation would run likewise. We reject such contention. Plaintiff's cause is not barred by limitation for the reasons hereinabove set forth. Yet Lamm taking advantage of the fiduciary relationship which existed between he and plaintiff, used her funds totally for himself, thus converting same to his own use. The trial court was authorized to decree interest from the time of such conversion. See also: Simmons v. Wilson, Tex.Civ.App. NWH, 216 S.W.2d 847; Watkins v. Junker, 90 Tex. 584, 40 S. W. 11; Texas Co. v. State of Texas, 154 Tex. 494, 281 S.W.2d 83.

All defendants' points have been considered and are overruled.

Affirmed.