Marshall BAXTER, Appellant,

v.

Mattie WILLIAMS and Gail Gibson, Appellees.

No. 5663.

Court of Civil Appeals of Texas, Waco.

Nov. 30, 1976.

Rehearing Denied Dec. 23, 1976.

Huffaker & Green, Tahoka, for appellant.

Aldridge, Harding, Aycock & Actkinson, Farwell, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Baxter from judgment placing a constructive trust on a Piper Airplane; awarding such airplane to plaintiff Williams; ordering Baxter to convey the airplane to plaintiff; and decreeing plaintiff interest on the judgment upon value of the aircraft, ($19,000).

Plaintiff Mattie Williams sued defendants Gail Gibson and Marshall Baxter alleging that on June 19, 1973 plaintiff purchased an airplane for $7000; that defendant Gibson had no right to sell or dispose such aircraft; that defendant Baxter obtained such aircraft from defendant Gibson after knowledge of plaintiff's interest in the aircraft; that Baxter made improvements to the aircraft after which it had a value of $24,000; that both Gibson and Baxter converted such aircraft to plaintiff's damage of $24,000.

Plaintiff plead alternatively she entered a business arrangement with Gibson wherein she authorized him as her agent to purchase an airplane for the formation of a flying service; that plaintiff furnished $7000 with which Gibson purchased the aircraft; that without plaintiff's knowledge and in breach of the relationship Gibson secured the aircraft bill of sale and registration in the name of "Gail Gibson d/b/a Gibson Flying Service"; that plaintiff never gave or intended to give Gibson the aircraft; that Gibson was to manage the Flying Service; that Gibson rented the airplane out, collecting rents without accounting to plaintiff for such rents; that plaintiff owns the airplane by virtue of a purchase money resulting trust; and that Gibson held the airplane as a constructive trustee for plaintiff's benefit.

Plaintiff further plead Gibson sold the airplane to Baxter; that Baxter knew the

airplane was owned by plaintiff when he bought it, to plaintiff's damage.

Plaintiff prayed for damages and any other relief in law or equity to which she may show herself entitled under the evidence.

Gibson answered the airplane was his; that he bought it with money plaintiff paid him for an indebtedness plaintiff owed him.

Baxter answered by general denial; and filed cross-action against plaintiff and Gibson alleging he purchased the aircraft from Gibson for $4000; that the plane was registered in Gibson's name; that he was a bona fide purchaser for value and without notice of plaintiff Williams' claim to the aircraft. Baxter prayed that he be declared owner of the aircraft; and alternatively he be awarded recovery over against Gibson for any recovery by plaintiff against him.

Trial was to a jury, findings of which are summarized as follows:

1) Failed to find Gibson converted the aircraft in which Mattie Williams had an ownership interest.

2) Gibson was acting as agent for Gibson Flying Service when he purchased the aircraft.

3) Prior to and on November 23, 1973 Gibson and Mattie Williams were partners in Gibson Flying Service, which was a partnership formed for the acquisition of an aircraft.

4) Gibson received $3500. rental payments for Gibson Flying Service from Briscoe and converted same.

5) Mattie Williams never intended to forego her ownership interest in the aircraft.

6) Gibson failed to give a full financial accounting to Mattie Williams.

7) Failed to find Baxter converted the ownership interest of Mattie Williams in the aircraft.

8) Failed to find the transfer of the aircraft by Gibson to Baxter was in fraud of the ownership or security interest of Mattie Williams.

9) Baxter had notice of Mattie Williams' ownership or security interest in the aircraft on or prior to November 23, 1973.

10) Baxter had notice of Mattie Williams' ownership interest or security interest in the aircraft on or prior to December 24, 1973.

11) The value of work performed by Baxter at the time of receiving said notice was *NONE.*

12) Baxter did not act in good faith at the time he purchased the aircraft from Gibson (Good faith was defined as honesty in fact in the conduct or transaction).

13) Baxter gave value at the time he purchased the aircraft from Gibson.

14) The value of the aircraft after it was repaired or rebuilt by Baxter was $19,000.

15) Gibson was not the owner of Gibson Flying Service.

16) The $7500. paid to Gibson was not payment of a debt that Mattie Williams paid to Gibson.

17) Title to the aircraft was in Gail Gibson, as owner of Gibson Flying Service.

The trial court rendered judgment on such verdict placing a constructive trust on the aircraft; awarding such airplane to plaintiff Williams free and clear of any claims of Baxter or Gibson; ordered Baxter to convey the airplane to plaintiff; and decreed plaintiff interest on the judgment upon the value of the aircraft ($19,000). The judgment further decreed plaintiff recovery of $1750. from Gibson.

Defendant Gibson has not appealed.

Defendant Baxter appeals on 56 points pertinent of which are summarized as follows:

1) The trial court erred in not rendering judgment for Baxter, because title to the aircraft was in Gibson, and there is no evidence Baxter had any notice of plaintiff's claim to the aircraft when he purchased it from Gibson.

2) There is no evidence or insufficient evidence to support the jury's answer to Issues 2, 3, 9, 10, 12, 14 and 15.

3) The trial court erred in decreeing a constructive trust be placed on the aircraft, ordering Baxter to convey same to plaintiff, and awarding the aircraft to plaintiff, because plaintiff had no pleadings asking for such relief.

4) The trial court erred in permitting plaintiff to recover interest upon the value of the aircraft ($19,000) because plaintiff was not entitled to interest on the improved value of the property.

5) The trial court erred in failing to award Baxter judgment over against Gibson for the $4000. Baxter paid Gibson for the aircraft, plus interest thereon.

There is evidence Mattie Williams was formerly married to Gail Gibson. They were divorced in New Mexico in 1970, and thereafter Gibson came to Muleshoe, Texas. In 1973 Mrs. Williams came to Muleshoe and rented a house. For a time Gibson had a room at Mrs. Williams' house, and they were discussing remarriage to each other. They agreed to form a partnership to spray for bugs. Mrs. Williams put up $7000 of her separate funds to purchase an airplane; Gibson was to manage the business; and they were to divide the profits. Gibson purchased the airplane with Mrs. Williams' $7000, but had it registered in the name of "Gail Gibson d/b/a Gibson's Flying Service". The airplane was leased to Kenneth Briscoe. The rentals paid were $3588.46 but Gibson did not remit any portion of this to Mrs. Williams. Gibson married someone other than Mrs. Williams. Gibson wanted to sign a bill of sale to the airplane to Briscoe to keep Mrs. Williams from getting the airplane. Gibson told Floyd Houston in October 1973 he was going to put the airplane in Baxter's name to keep Mrs. Williams from grounding it. Baxter came after the airplane and took it to Tahoka. Baxter took the engine down to repair or rebuild the aircraft. He told Gibson the charges would be some $4000; Gibson asked him if he would buy the aircraft and Baxter offered $4000. A bill of sale dated November 23, 1973 was executed from Gibson to

Baxter, but which was not recorded until December 4, 1973. Baxter didn't pay Gibson any money on November 23, 1973; Gibson extended him credit; he paid the $4000 in cash to Gibson approximately a month later. In early December Mrs. Williams in search of the aircraft which was missing from Muleshoe, located it in possession of Baxter at Tohoka. Mrs. Williams told Baxter "she wanted the airplane," and that "it was her airplane," and he admitted this took place before he paid Gibson the $4000. Baxter claimed on his income tax return that he paid $2000 for the airplane. Baxter rebuilt and repaired the aircraft, and it is worth $18,000 to $20,000. Gibson in his deposition testified Baxter was aware there was "some kind of a dispute as to the airplane" at the time he purchased it.

There is ample evidence from which the jury could conclude that Baxter had notice of plaintiff's claim to the aircraft when he purchased it. The title recording statutes therefore give no protection to Baxter. *Curtis v. Carey*, CCA, NWH, 393 S.W.2d 185.

Moreover, the evidence is ample to sustain the jury's findings 2) that Gibson was acting as agent for Gibson Flying Service when he purchased the aircraft; 3) that Gibson and Mrs. Williams were partners in Gibson Flying Service; 9) that Baxter had notice of Mrs. Williams' ownership interest on or prior to November 23, 1973; and 10) and on or prior to December 24, 1973; 12) that Baxter did not act in good faith at the time he purchased the aircraft from Gibson; 13) that the value of the aircraft after it was repaired or rebuilt was $19,000; 15) and that Gibson was not the owner of Gibson Flying Service.

The law imposes a constructive trust where there is a fiduciary or confidential relationship between two parties, and the party holding property or money would profit by a wrong or be unjustly enriched if he were allowed to keep the property or money. *Omohundro v. Matthews,* 161 Tex. 367, 341 S.W.2d 401. Moreover, the law will raise a constructive trust upon breach

of a confidential relationship such as a partnership; *Gaines v. Hamman,* 163 Tex. 618, 358 S.W.2d 557. And a constructive trust is not in reality a trust but an equitable remedy, *Miller v. Huebner,* CCA, NRE, 474 S.W.2d 587; *Oak Cliff Bank & Trust Co. v. Steenbergen,* CCA, NRE, 497 S.W.2d 489. Persons engaged in partnership or joint adventure, or about to assume such relationship, owe to each other the utmost good faith and the most scrupulous honesty. And a person who purchases property for another but purchases it in his own name holds it upon a constructive trust for the other; *Fitz-Gerald v. Hull,* 150 Tex. 39, 237 S.W.2d 256; *Maykus v. First City Realty and Financial Corp.,* CCA, 518 S.W.2d 887. Finally whether a partnership or a fiduciary relationship exists is a question of fact. *Schiller v. Elick,* 150 Tex. 363, 240 S.W.2d 997; *Oak Cliff Bank & Trust Co. v. Steenbergen,* supra.

■ The trial court did not err in decreeing a constructive trust be placed on the aircraft, ordering Baxter to convey same to plaintiff, and awarding same to plaintiff, and plaintiff's pleadings in praying for "such other and further relief, either special or general, in law or in equity, to which she may show herself entitled to receive under the evidence" are sufficient and adequate to sustain the trial court in awarding the relief granted.

■ The trial court awarded plaintiff interest upon the improved value of the aircraft ($19,000), instead of upon the value at the time Baxter purchased same for $4000 with notice of plaintiff's ownership interest; and the trial court failed to award Baxter judgment over against Gibson for $4000 plus interest, or for judgment over for court costs that may be paid by Baxter.

We think the trial court should have only awarded plaintiff interest on the value of the aircraft when purchased, i. e. $4000; and should have awarded Baxter judgment over against Gibson for $4000 plus interest.

The judgment of the trial court is reformed to award plaintiff interest on $4000 instead of $19,000 from date of judgment;

and to award Baxter judgment against Gibson for $4000 plus interest from date of judgment (December 31, 1975). The trial court's adjudication of court costs is not disturbed.

All other points have been considered and are overruled.

REFORMED AND AFFIRMED.